THE MISSOURI PACIFIC RAILWAY COMPANY *et al.* v. ALEXANDER HOUSEMAN.

1. UNACKNOWLEDGED DEED, *Passes Title, When.* Where the execution of a deed is proven, it is then immaterial whether the deed was acknowledged or not, and such unacknowledged deed passes title equally with one duly acknowledged.

2. RIGHT-OF-WAY—*No Notice to Land-Owner—Void Proceedings.* Before a right-of-way can be legally condemned under the provisions of article 9, chapter 23, Compiled Laws of 1885, through the lands of a non-resident, notice must be given as required by § 86 of said chapter 23, informing the owner of the time when the commissioners will commence to make such condemnation; and where condemnation proceedings are had without giving such notice, such condemnation proceedings are void.

*Error from Franklin District Court.*

EJECTMENT, brought by *Houseman* against the *Missouri Pacific Railway Company* and the *St. Louis, Kansas & Arizona Railway Company,* to recover the possession of a strip of land one hundred feet wide through a quarter-section of land in Franklin county, and also to recover damages thereto by reason of the construction of a railroad across said land. Judgment for the plaintiff, at the October term, 1886. The defendants bring the case here.

*W. A. Johnson,* for plaintiffs in error.

*Jno. W. Deford,* for defendant in error.

Opinion by CLOGSTON, C.: This action was brought by the defendant in error against the plaintiffs in error to recover the

possession of a strip of land one hundred feet wide across the southeast quarter of section 34, township 17, range 21, Franklin county, and for damages for the detention and injury thereto. Houseman, the owner of the land, was a resident of the state of Colorado at the time said alleged possession and injury occurred, and for a long time thereafter. The plaintiffs in error allege as error, first, that the court improperly admitted in evidence a quitclaim deed from John W. Newhart to the plaintiff; second, allowed evidence as to the damage to the land not properly included in the items of damage set out in the petition; third, refused to allow the defendants to give in evidence the notice and condemnation proceedings had, by which the right-of-way across plaintiff's land was condemned by the county commissioners of Franklin county.

As to the first of these errors, plaintiffs in error insist that this deed was defective because it was acknowledged in the state of Pennsylvania before an officer purporting to be a justice of the peace, and no proper proof was made that such officer was a justice. The execution of the deed was proven, and the execution being proven it was immaterial whether it was acknowledged or not; it conveyed title equally with one duly acknowledged. (*Simpson v. Mundee*, 3 Kas. 181; *Furrow v. Chapin*, 13 id. 112.)

The second objection is, we think, unfounded. The rule contended for by the plaintiffs in error would doubtless be correct if it was on an appeal from condemnation proceedings, but as this question was tried and this evidence admitted upon the theory that the defendants below were trespassers, any damage that resulted from the building of the road in any manner, as the approximate or direct result from any acts of the defendants, they were certainly liable for, and we think that the allegations of the petition were broad enough to admit the proof.

The last objection, and the only one worthy of serious consideration, is as to the sufficiency of the notice required to be published before condemnation proceedings can be had under

chapter 23, Comp. Laws of 1885. The notice, or so much of it as embraces the question raised, is as follows:

"It is hereby ordered that notice be given by publication for thirty days in the Ottawa *Republican,* a newspaper of general circulation, published in Franklin county, Kansas, that said board of county commissioners of Franklin county will meet at that certain point where the proposed line of said railroad is intersected by the eastern boundary of Pottawatomie township, on Tuesday, the 5th day of August, 1879, at 10 o'clock A. M. of that day, and proceed to lay off along the lines of said proposed railway through said township, and from that point where the proposed line of said railway is intersected by the eastern boundary of said Franklin county, and thence west to the city of Ottawa, in said county, as is platted, filed and located by said railway company, a route for such proposed railway, not to exceed one hundred feet in width."

The objection to this notice, and the one upon which the court excluded it, was that no time is fixed therein when the commissioners would commence to condemn the right-of-way over that branch of the road that runs through plaintiff's land. The record shows that the railway company was purporting to build two lines of road through Franklin county: one from the direction of Osawatomie, running northwest to Ottawa and Topeka; and one running in a southwesterly direction across the southeast corner of Franklin county, through Pottawatomie township, to the south and west line of the state. While both of these roads were being built under the one name of the St. Louis, Kansas & Arizona Railway Company, yet they were two distinct lines of road in Franklin county, entered the county at its east line at different points, and ran through it in different directions. It may be conceded that they might under one notice, properly worded, have included both lines; but to do so, the notice must fix the time at which the condemnation proceedings would be commenced on each of these lines of road. Now as to the line of road where it intersects the eastern boundary of Pottawatomie township, the notice definitely states when they will commence to condemn that line through Pottawatomie township. The notice says on

Tuesday, the 5th of August, and "proceed to lay off along the lines of said proposed railway through said township." Then it also says "at a point where the proposed line of road intersects the eastern boundary of Franklin county." This refers to the other line of road, and this line of road ran through the plaintiff's land, and no time was fixed when the commissioners would commence to condemn that line, so as to notify the plaintiff when he could expect to meet the commissioners and show them the damage to his land. It was well said by the trial court in passing upon this question:

"I am aware, of course, that in a matter of this kind, where a land-owner proposes to treat the railroad company as a trespasser, as here, the condemnation proceedings must be absolutely void, not merely irregular, in order that he may maintain his action; but there is a rule of law to be considered in connection with that proposition, which is, that where property is taken merely on notice by publication, the statute is to be strictly pursued, as in a case of a summons by publication."

The notice when properly published would give the commissioners the right to lay off and condemn a right-of-way, but unless the notice was properly published no authority existed for their action, and their action would be void. The statute requires but one thing — that is, the notice shall state at what time they will commence to condemn the right-of-way. The legislature thought it was essential that the time should be published when they would commence to condemn a line, and when it was so published it became the duty of the land-owners to be on their guard and watch for the commissioners when they approached their land, and show them the damage they desired to be compensated for.

We think the notice was insufficient to give the commissioners jurisdiction, and therefore that the condemnation proceedings, so far as the plaintiff was concerned, were absolutely void, and the court properly excluded them. The errors complained of by the plaintiffs in error in relation to the instructions of the court, relate to the condemnation proceedings, become immaterial when the condemnation proceeding itself

is excluded, and therefore we shall not consider those assignments of error.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.