JOSEPH P. HEIL v. JOSEPH W. REDDEN.

EJECTMENT — *Record of Deed — Insufficient Acknowledgment — Evidence.* Where, on the trial of an action in ejectment, the record of a deed was offered in evidence, purporting to have been made and signed by George H. Case, but the certificate of acknowledgment was to the effect that the execution of the instrument was the act of George H. Crane; and there was evidence that the original deed was not in possession or under the control of the party offering the same, and there is further evidence from the grantee named in the deed that the acknowledging officer, grantor and attesting witness were dead; and that he was present at the time the deed was executed by George H. Case, and was cognizant of such fact, *held*, that the record of such deed was admissible in evidence, notwithstanding the apparent error in the certificate of acknowledgment.

*Error from Shawnee District Court.*

THE opinion contains a sufficient statement of the case.

*H. C. Root,* for plaintiff in error.

*Redden & Schumaker,* and *H. H. Harris,* for defendant in error.

· Opinion by GREEN, C.: This was an action of ejectment
brought by Joseph W. Redden, in the district court of Shaw-
nee county, against Joseph P. Heil, to recover the northeast
quarter of section 11, township 13 of range 16 east. The
court gave judgment in favor of the plaintiff for the east half
of the quarter-section, and awarded the west half to the de-
fendant; and the case was brought to this court and decided,
and the opinion is found in 38 Kas., at page 255. This court
decided that the tax deed which Heil held, and under which
title was claimed to the northeast forty acres of the quarter-
section was voidable, for the reason that the whole quarter was
assessed and taxed as an entirety, and taxes were paid upon
one-half of the land and then upon one-half of the residue,
and the northeast quarter of the northeast quarter was sold
by the county treasurer for the balance of the taxes unpaid.
When the case was again tried in the district court, it was
stipulated that the west half and the southeast forty of the
quarter-section belonged to Heil, which left still in contro-
versy the northeast quarter of the northeast quarter of section
11, township 13 of range 16. In the last trial in the court
below, judgment was rendered awarding this land to Redden,
upon the payment of certain taxes, and the plaintiff in error
again brings the case here for review.

The record discloses the same state of facts as to the tax
sale and deed for the land in question as at the former trial
in the district court. The plaintiff in error's claim of title is
based upon a tax deed which has been held to be defective,
and two years' possession under such deed. The defendant
in error claims to be the owner of the patent title, which
consists of a patent from the United States to George H.
Case, and a deed from Case to Benjamin Hoyt, and a quit-
claim deed from Hoyt to him.

It seems to be conceded that the legal title to this land is
in the defendant in error, if the deed from Case to Hoyt was
properly received in evidence upon the last trial of this case.
This deed was not in the possession of the plaintiff below,

and the record was introduced, which showed that it was made and executed by George H. Case; but from the record of the certificate of the notary public, it appeared that George H. Crane acknowledged the execution of the instrument. The deed was executed and acknowledged on the 24th day of December, 1857, and filed for record on the 9th day of January, 1858. It was in evidence that George H. Case, John Shannon, the notary public, and A. B. Batterson, the attesting witness, were dead. Benjamin Hoyt, the grantee in this deed, testified that he formerly owned this land; that he purchased it from George H. Case, who executed and acknowledged the deed in question; that he never bought but one tract of land from Case, and did not know George H. Crane, and never had any dealings with him; and that he was present when the deed was executed. The only question in this case was whether there was any evidence offered upon the part of the plaintiff below to prove that George H. Case executed a deed to Benjamin Hoyt. The deed not being in the possession of the plaintiff below, it was competent for the court to receive the record in evidence. This record showed that the deed was made and executed by George H. Case, but it appeared from the record of the certificate of acknowledgment that George H. Crane acknowledged its execution before the notary public. This apparent error in the record is explained by the testimony of the grantee, who was present at the time the deed was executed and acknowledged. It was doubtless a clerical error in transcribing the original deed. Now the evidence indicated quite conclusively that the deed was not in the possession of the plaintiff below, or under the control of the grantee, Hoyt, and it was perfectly competent to prove its execution by the best obtainable evidence, which was the testimony of the grantee named in the conveyance, and from his evidence it appears that this instrument was actually executed by George H. Case. This, in our opinion, settles the question of the execution of the deed, and makes the acknowledgment immaterial. (*Mo. Pac. Rly. Co. v. Houseman*, 41 Kas. 300.)

The position of counsel, that there was no evidence that the deed was ever delivered, is not well taken; it was recorded, and that fact carries with it the presumption that there was a delivery to the grantee. (1 Devlin on Deeds, § 292.) The contention of counsel for plaintiff in error, that parol evidence cannot be admitted to contradict what a record imports, has no application in this case. We think it fair to assume, under the existing state of facts as shown in this case, that there was simply an error upon the part of either the notary or the person recording the deed — nothing more; and the execution of the deed having been proven, it was immaterial what the record of the certificate of acknowledgment was. In any event, the grantee, or any person holding under him, would not be bound by the errors of a register of deeds in transcribing an instrument, and such errors might be explained. (1 Devlin on Deeds, §§ 686, 687; *Poplin v. Mundell*, 27 Kas. 138; *Lee v. Bermingham*, 30 id. 312.) Acknowledging officers and registers of deeds are ministerial officers; neither act in a judicial capacity; any and all mistakes made by them may be explained and corrected by proper proof, as readily as mistakes of any other ministerial officers. (*Central Bank v. Copeland*, 18 Md. 305; 1 Devlin on Deeds, § 498.)

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.