## LUCINDA B. DEARBORN v. JAMES M. VAUGHAN.

1. REAL ESTATE, *Attached — No Title in Defendant.* Where real estate attached in a civil action as the property of the defendant does not belong to him, and he has no title, estate or interest therein, such property is not subject to the payment of the defendant's debts.

2. ———— *How Released.* Where land has been levied upon under an order of attachment against a defendant, and such defendant has no title, estate or interest in the land attached, the district court may, upon the motion of the person owning the same, and sufficient facts to establish that fact, discharge the property from the attachment. (*Long v. Murphy*, 27 Kas. 375.)

*Error from Harvey District Court.*

MOTION to discharge certain land from attachment, sustained at the January term, 1889. The plaintiff, *Dearborn*, brings this ruling here for review. The opinion states the facts.

*Clarence Spooner*, for plaintiff in error.

*Bowman & Bucher*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On January 19, 1886, John Funk and James F. Funk, at Raymore, Mo., executed and delivered their promissory note to Lucinda B. Dearborn for $5,500, payable four years after date, with 8 per cent. interest, payable semi-annually. On the 2d day of June, 1888, Lucinda B. Dearborn brought her action against James F. Funk, in the district court of Harvey county, in this state, to recover the amount of the promissory note before the note became due. At the same time, upon her affidavit, she obtained an order of attachment from the district judge. The order of attachment was levied on June 5, 1888, upon section 31, township 22, range 3, in Harvey county. In May, 1887, James F. Funk was the owner of a certain quarter-section of land in Cass county, Missouri. On the 17th day of May, 1887, he exchanged with James M. Vaughan, the father of his wife, the Cass county land for the land attached. The conveyance for the land attached was executed and delivered to Mrs. Ina B. Funk, the wife of said James F. Funk. On November 15, 1887, Mr. and Mrs. Funk conveyed this land to James M. Vaughan, in exchange for other property in Harvey county, in this state. After the land was attached, James M. Vaughan filed his motion to discharge the property from the attachment, upon the ground that James M. Funk had no title, estate or interest therein, and that he (Vaughan) was the owner of the land, and had been such owner for a long time prior to the levy of the attachment. The motion to discharge the land from the attachment was sustained. The plaintiff excepted, and brings the case here.

It clearly appears from the evidence introduced upon the hearing of the motion to discharge the attached property that James F. Funk had no title, estate or interest therein at the time of the levy. There is nothing in the evidence showing or tending to show any fraud in the conveyance from James M. Vaughan and wife to Mrs. Ina B. Funk on the 17th day of May, 1887, or in the conveyance from Mrs. Ina B. Funk

and husband to James M. Vaughan of the 15th of November, 1887. The deed to Mrs. Ina B. Funk of the 17th of May, 1887, was made to her instead of her husband, because her father donated to her a part of the land. At that time, and also at the date of the deed of the 15th of November, 1887, he had no knowledge or notice of any fraud or wrong intended by James F. Funk. The deed of the 15th of November, 1887, seems to have been made to Vaughan in good faith; and that deed, whatever may be said of the deed of the 17th day of May, 1887, deprived both James F. and Mrs. Ina B. Funk of all interest in the land attached. It was ruled in *Long v. Murphy*, 27 Kas. 375, that—

"When land has been levied upon under an order of attachment, any person claiming to be the owner thereof and interested in discharging the property from the attachment may, although he is not a party to the original action, move the court to discharge the attachment as to the property so claimed by him."

Of course, if, as appeared upon the hearing of the motion, James F. Funk had no title, estate or interest in the land attached, the land could not be subjected to his debts; therefore, Lucinda B. Dearborn has no grounds of complaint against the discharge of the attached property.

The order and judgment of the district court, being sustained by oral evidence, must be upheld. (*Urquhart v. Smith,* 5 Kas. 447; *Wilson v. Lightbody,* 29 id. 446.)

Judgment for an affirmance will be rendered.

All the Justices concurring.