LOUIS ROSER v. THE FOURTH NATIONAL BANK OF WICHITA, KANSAS, *et al.*

No. 7775.

1. CASE-MADE —*Rulings —Record —Extrinsic Evidence.* Where a review is based upon a case-made, the rulings of the trial court assigned for error must be embodied in the case-made itself, and can never be shown by extrinsic evidence; but matters relating to the service, signing and settling of the case-made may generally be shown by evidence outside of the case-made.

2. HOMESTEAD— *Sale, not Fraudulent.* The sale and conveyance of a homestead cannot operate as a fraud upon creditors, and the title of the purchaser cannot be affected by the purpose of the grantor in making the sale and conveyance.

*Error from Sedgwick Court of Common Pleas.*

ACTION to set aside conveyances of certain real estate. The plaintiff bank had judgment, and defendant Roser brings the case here. The opinion, filed November 9, 1895, states the facts.

*Amidon & Conly*, for plaintiff in error.

*J. V. Daugherty*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by the Fourth National Bank of Wichita against Louis Roser and Herman Dreisvogt for the purpose of setting aside conveyances of real estate in the city of Wichita, made by Jacob Roser and wife to Louis Roser, and to subject the property to the payment of a judgment obtained by the bank against Jacob Roser. One of the deeds made by Jacob Roser purported to convey to his brother Louis five lots on Fifth avenue, and the other, which was executed about three weeks later, purported to convey to him four lots on Central avenue. It was alleged that both of the deeds were

9—56 KAS.

fraudulently made by Jacob Roser and wife to defeat
their creditors, and that no consideration whatever
was paid by Louis Roser for the property, and that
he had no interest therein, but was merely holding it
for Jacob Roser and his wife. Dreisvogt, a judgment
creditor of Jacob Roser, who claimed a lien upon the
property, was made a party defendant. The case was
tried without a jury, and the court found that the
transfers were fraudulent as against the bank and
Herman Dreisvogt, and a decree was entered setting
the deeds aside, and subjecting the property to the
payment of the claim of the bank, which was decided
to be a prior lien, and, second, in favor of Dreisvogt.
Louis Roser instituted this proceeding in error against
the bank to obtain a review of the rulings of the dis-
trict court, but Dreisvogt was not brought into the
case.

At the outset we are asked to dismiss the proceed-
ing, because the record itself fails to show that any
notice of the time of settling the case was given,
or that notice was waived, or that any amendments
were suggested by the bank, or that the bank was
represented when the case was settled and signed.
It is true the record is silent in those particulars,
but uncontradicted proof outside of the record was
offered, which shows that the attorney for the bank
was present when the case was settled and signed,
and consented to the case as made. The claim that
the matters relating to the service of a case-made,
the suggestion of amendments, the notice or waiver
of notice and the presence of the parties at the time
of settling and signing the case must appear in the
record itself cannot be sustained. It is held that,
where a review is based upon a case-made, the rulings
of the trial court complained of and assigned for

error must be shown by and embodied in the case-made itself, and can never be shown by any other or by extrinsic evidence, but matters relating to the service, signing and settling of the case-made may generally be shown by extrinsic evidence, or, in other words, outside of the case-made. (*Jones v. Kellogg*, 51 Kan. 263.)

The objection that there is a defect of parties cannot be sustained. Dreisvogt's claim was separate and distinct from that of the bank, and no matter how the controversy between Roser and the bank may be determined, he cannot be prejudicially affected. The judgment which he has obtained and his rights thereunder cannot be disturbed by the decision in this proceeding.

As to the real estate described in one of the conveyances, we find there is sufficient testimony to sustain the judgment of the court. From a reading of the testimony it would appear that the preponderance of the evidence was in favor of the plaintiff in error, and tended to sustain the validity of the conveyance, but as there is some testimony supporting the conclusion of the trial court, we are concluded upon the facts by its finding.

As to the Fifth avenue lots, it appears that Jacob Roser erected a house thereon, and was occupying it with his family at the time they were conveyed to Louis Roser. It is argued that Jacob Roser and family had abandoned the homestead prior to the conveyance of the same, but we fail to find any proof sustaining this contention. Jacob, with his wife and minor children, had been occupying the homestead for a period of about two years, and were occupying it as their home at the time it was sold and conveyed by a deed of general warranty to Louis Roser. In

*Monroe v. May*, 9 Kan. 476, it was held that the transfer of exempt property could work no fraud upon creditors, and that "the homestead is something toward which the eye of the creditor need never be turned." In *Wilson v. Taylor*, 49 Kan. 774, it was declared that "a conveyance of a homestead or other exempt property, even though made with intent to defraud creditors, vests the title thereof in the grantee, and does not become subject to the lien of a judgment previously obtained by a creditor of the grantor."

The judgment of the district court decreeing the cancellation of the deed conveying the four lots on Central avenue will be affirmed, and so much of it as purports to set aside and cancel the conveyance of the five lots on Fifth avenue will be reversed, and a new trial as to the latter property will be awarded.

All the Justices concurring.