E. WINTER *et al.* v. JOHN T. RITCHIE *et al.*

No. 8742.

HOMESTEAD — *exchanged for lands to be used in buying new homestead; title conveyed to another to avoid judgment liens —not fraud on judgment creditors.* J., a judgment debtor, and the head of a family, owned and occupied a home at Eureka. Desiring to change his place of residence to Fort Scott or Wichita, he traded the home for 320 acres of land subject to an incumbrance of $2,000, not intending to occupy the land, but to effect a loan upon it to pay off the incumbrance and obtain sufficient means, together with the proceeds of the sale of the equity of redemption, to purchase another home. He applied to F., a loan company, whose officers were fully informed of the facts, and they advised him to have the deed to the land taken in the name of W., his son, so that the judgments would not appear to be liens upon the property, and a loan of $3,000 would be made to W., and this was accordingly done. F. discharged the incumbrance, and paid the balance of the money to J. W. conveyed the equity of redemption. *Held,* in an action to subject the land to the payment of the judgments against J., that the transaction was not a fraud upon the judgment creditors, and that they had no right to complain as against F. and its assignees.

*Error from Greenwood District Court.*
*Hon. C. W. Shinn, Judge.*

AFFIRMED.                    OPINION FILED JULY 11, 1896.

*R. P. Kelley,* and *W. S. Marlin,* for plaintiffs in error.

*G. E. Manchester,* for defendants in error.

MARTIN, C. J.   The plaintiffs in error, holding judgments against J. C. Gillham for $3,097.84 and costs, commenced their action for the purpose of subjecting 320 acres of land in Greenwood County to the payment ‸ ⸱⸱⸱⸱⸱ ⸱ ⸱ ⸱⸱⸱⸱ ⸱⸱ ⸱⸱⸱ roceeding in error to obtain the relief which the District Court denied.

The essential facts are these : — J. C. Gillham, being the head of a family, owned a house and lot in Eureka,

which he occupied as a homestead, and these judgments and others would have been a lien upon the property except for its homestead character. He was insolvent. On January 5, 1887, he traded the homestead for said land, which was incumbered to the amount of $2,000. The exchange was made, not with the intention of occupying the land, but for the purpose of executing a mortgage on it to pay off the incumbrance, and to obtain enough money, together with what he might realize from the sale of the equity of redemption, to buy another home, either in Fort Scott or Wichita. He made application to the Farmers' Loan & Trust Company at Anthony for a loan upon the land. Its officers were fully acquainted with the circumstances, and they advised him to have the deed for the land made to William E. Gillham, his son, who was 21 years of age, so that the judgments might not appear to be liens upon it. Accordingly the deed for the land was made to William E. Gillham, who made application for the loan (that of J. C. Gillham being withdrawn), and the company made a loan of $3,000. The incumbrance was discharged, and the balance of the money was paid to J. C. Gillham. William E. Gillham executed to the company his note for the amount of the loan, and secured the same by a first mortgage on the land; and he executed four other notes for $150 each to T. H. Stevens, who was connected with the Company, the same being given as commissions for obtaining the loan, and he secured these notes by a second mortgage upon the land. Stevens transferred these commission notes to the Company, and they, together with the second mortgage, came into the hands of Whitney R. Tucker; but the $3,000 note was assigned to the Citizens' Savings Bank & Trust Company, of St. Johnsbury, Vt.,

defendant in error; John T. Ritchie, the other defend-ant in error, being the treasurer and general manager of said bank, who transacted the business. The transfers of all the notes were by assignment, and not by commercial indorsement. After the execution of the mortgages, William E. Gillham conveyed the land, and, by mesne conveyances, the title became vested in Charles W. Spaulding, subject to the in-cumbrances. Tucker foreclosed upon three of the commission notes making William E. Gillham and Charles W. Spaulding parties defendant. He ob-tained judgment for $561.15, and an order of sale of the property subject to the first mortgage of $3,000 and interest. The land was sold at sheriff's sale, and said John T. Ritchie becoming the purchaser at the sum of $22, subject to said first mortgage, the sale was confirmed, and on June 6, 1891, the Sheriff exe-cuted a deed to said John T. Ritchie for said land, subject to said first mortgage.

The plaintiffs contend that, when the legal title was placed in the name of the son, the equitable title vested in the father, and their judgment liens attached to it; but no liens attached to the homestead which was traded for the land, and the exchange and the loan were all parts of a transaction designed to transfer the home from Eureka to Fort Scott or Wichita, and the balance of the loan, over and above the incumbrance, and the equity of redemption to-gether represented the value of the Eureka home-stead. *Monroe v. May, Weil & Co.*, 9 Kan. 466, 475; *Harrison & Willis v. Andrews*, 18 id. 535, 541. The same principle was applied for another purpose in *Nichols v. Overacker*, 16 Kan. 54, 58. It is well settled that one homestead may be exchanged for another free from any claim of creditors upon either. A

debtor cannot commit a fraud upon his creditor by disposing of his homestead. *Hixon v. George*, 18 Kan. 254, 260. It may be that if J. C. Gillham had taken the title to the land in his own name, the judgment liens might have attached. Certainly, they would do so if not merely a step in the transaction of exchanging homesteads, but the loan was made at the time of vesting title in William E. Gillham. The sum of $2,000 was used to discharge the prior incumbrance, and it would be inequitable to subject the interest in the land which represented the exempt fund to the payment of judgments which never became a lien upon it, to the prejudice of the Loan Company or its assignees.

The plaintiffs have no just cause of complaint, and the judgment will be affirmed.

All the Justices concurring.