No. 19,952.

ELLA SCOTT, *Appellant*, v. JENNIE M. RODGERS et al., *Appellees*, and JESS PARR et al., *Appellants*.

SYLLABUS BY THE COURT.

HOMESTEAD—*Conveyance—No Fraud on Creditors.* A widow 67 years old, owning practically no property except a residence which she occupied as a homestead, conveyed it a short time before her death to two of her married daughters in consideration of their services in taking care of her during her last sickness. She was not aware that she was indebted to any one except her physician, and she arranged for the payment of that claim. After her death other adult children filed claims against her estate for personal services rendered in her lifetime and their claims were allowed. In an action brought by these creditors to set aside the deed, *held*, the conveyance was made without intent to defraud creditors, and *further*, that regardless of the intent the grantor could convey her homestead to any person she pleased, with or without consideration, and creditors could not complain.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed March 11, 1916. Affirmed.

*W. B. Pleasant,* of Ottawa, for the appellants.

*A. B. Crum,* of Lyndon, for the appellees.

The opinion of the court was delivered by

PORTER, J.: In a suit to set aside a conveyance of real estate and for partition two defendants recovered judgment for costs. The other parties appeal. All of them except the administrator are the children of Annie Parr, deceased. Mrs. Parr was a widow and lived alone. Her four daughters were married and had homes of their own. One of the defendants is a son who made no appearance in the action.

The real estate consists of a house in Ottawa, valued at $750, which Mrs. Parr owned and occupied as her home. She died intestate October 18, 1914. For a year before her death she was quite sick and required attention. Two of her daughters, Mrs. Rodgers and Mrs. Alumbaugh, left their families, came to Ottawa, and took care of her almost constantly from May until her death in October. On September 12 she executed a warranty deed conveying the property to these two

daughters. Although weak and suffering from her sickness, she was perfectly rational at the time she made the convey- ance. She informed Doctor Pennington, her family physician, that she desired to make the deed in order to repay her daugh- ters in part for their services to her, and stated that she was not indebted to any one except what she owed the doctor for his services, and that her daughters to whom she wanted to con- vey the property had agreed to pay the doctor what would be owing to him. She asked him to have a lawyer come to the house to prepare the deed. The grantees were not present at this conversation. The deed was executed in the presence of Doctor Pennington and the notary and when neither of the grantees was present, the consideration being "one dollar and other considerations." Some days thereafter Mrs. Parr di- rected the doctor to have the deed recorded, which he did. After her death, and before the commencement of this action, when the execution of the deed was discovered, the plaintiff, Mrs. Scott, made proof of death and secured the appointment of an administrator of the estate. Subsequently Mrs. Scott and her sister, Mrs Whiteneck, filed claims in the probate court for services alleged to have been rendered by them at other times in caring for the deceased. Their claims have since been allowed in the probate court.

It was contended by the appellants that at the time the deed was executed Mrs. Parr was old and feeble, and that the grantees obtained the deed by undue influence; also that the deed was executed for the purpose of defrauding the creditors of Mrs. Parr. The findings are adverse to all the contentions of the appellants as to the facts. The court finds that Mrs. Parr was perfectly rational when she made the deed, that she did not believe she was indebted to any person except Doctor Pennington, and that one of the grantees expressed at the trial a willingness to pay the doctor's bill and the funeral expenses.

It is insisted by the appellants that Mrs. Parr had no right to make a gift of the property to the grantees and thus defraud her creditors, and that if the conveyance was made in repay- ment for services rendered by the grantees, it is void as against the creditors because the services rendered were not equal to the value of the property. For several reasons these con-

tentions can not be sustained, whether we regard the conveyance as a gift outright or as a payment for services, or as in part a gift and in part a payment for care and attention rendered her by the grantees. The actual intent to defraud creditors can not be inferred merely because the probate court has allowed the claims of the other daughters. When the deed was executed Mrs. Parr did not know she had a creditor other than Doctor Pennington and she made arrangements to have that debt and the expenses of her last illness and burial satisfied.

No motion for a new trial was filed and the findings of fact are not disputed. The appellants' contention is that on the findings the court erred in holding that the conveyance was not in fraud of creditors. There is a finding that Mrs. Parr occupied the premises as her homestead. Authorities, therefore, holding that proof of an intent to defraud is not necessary where the effect of the conveyance is to hinder, delay or defraud an existing creditor can have no application to the facts here. "A debtor cannot commit a fraud upon his creditor by disposing of his homestead. (*Hixon v. George,* 18 Kan. 253, 260.)" (*Winter v. Ritchie,* 57 Kan. 212, 214, 45 Pac. 595, 57 Am. St. Rep. 331. See, also, *Wilson v. Taylor,* 49 Kan. 774, 31 Pac. 697; *Roser v. National Bank,* 56 Kan. 129, 42 Pac. 341.) A debtor may convey the homestead with or without consideration, and the creditor can not complain. (*Hixon v. George,* supra.)

The judgment is affirmed.