Nos. 23,692 and 23,693.

THE LEBANON STATE BANK, *Appellant*, v. ASA TOMLINSON et al., *Appellees.*

No. 23,692.

SYLLABUS BY THE COURT.

1. CREDITOR'S BILL—*Deed by Insolvent Debtor to His Wife—Good Consideration—No Fraud Shown.* In an action in the nature of a creditor's bill to set aside a warranty deed given by an insolvent debtor to his wife, it is held that a finding that the deed was given for a valid consideration and not in fraud of the creditors of the husband is sustained by sufficient evidence.

2. HOMESTEAD—*Conveyance—No Fraud on Creditors.* An insolvent debtor conveyed all his property, consisting of a quarter section of land worth $12,000, subject to a mortgage of $4,000, to his wife, and in the same instrument conveyed to her the homestead occupied by himself and family, worth $2,100 over and above an incumbrance. He was indebted to his wife for money loaned him from her separate property to the amount of $8,000. *Held,* that the court will not require the wife to credit upon the indebtedness due from her husband the $2,100 found to be the value of the homestead, on the theory that as against other creditors a creditor may not take property in payment which is appreciably greater in value than the amount of his debt, that principle not applying here for the reason that a creditor of the husband cannot look to the homestead, or any part of the proceeds thereof, in satisfaction of his claim.

3. SAME. Where the title to the homestead stands in the husband and he conveys it with other property to the wife the courts will not inquire as to the separate consideration for the homestead, but will presume that it was

a gift. The creditors of the husband are not concerned whether it was a gift or a sale.

Appeals from Smith district court; WILLIAM R. MITCHELL, judge. Opinion filed December 9, 1922. Affirmed.

*R. W. Turner, R. B. Turner,* and *Donald F. Stanley,* all of Mankato, for the appellant.

*W. S. Rice, E. S. Rice, L. C. Uhl, jr.,* and *J. T. Reed,* all of Smith Center, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action was in the nature of a creditor's bill. There was a judgment for the defendant, and the plaintiff appeals.

The petition alleged that the defendant, Asa Tomlinson, was indebted to the plaintiff, the Lebanon State Bank, in January, 1920, in the sum of about $8,000, and owed large sums to other creditors; that he was at that time the owner of a quarter section of land in Smith county and a residence and six lots in the city of Lebanon; that while so indebted he conveyed all this real estate to Rettie Tomlinson, his wife, without consideration and to defraud his creditors; that plaintiff brought suit against him on his note and attached the lands as his property, obtained judgment and an order for the sale of the lands, and was entitled to have the fraudulent transfer to Rettie Tomlinson set aside. The wife filed an answer in which she admitted the execution of the deed, denied that it was voluntary and without consideration, or that it was done to hinder or defraud creditors, and alleged that it was made for a valuable and adequate consideration in payment of money she had loaned to her husband.

The court made findings which, briefly summarized, are:

Asa Tomlinson and Rettie Tomlinson were married in 1900, since which time they have lived in the vicinity of Lebanon. In 1902 Mrs. Tomlinson received from the estate of her father $522.22, which she loaned to her husband and which he used in the purchase of live stock. At various times Rettie Tomlinson received money from the estate of her mother, including advancements made by her mother during her lifetime, amounting to $4,368.98. In the year 1913 she began keeping an account at the plaintiff bank, and deposited up to and including November 4, 1916, $3,225.13. She made loans to her husband at various times, and with the understanding that he was to pay her the same interest he paid to the

bank when he borrowed money. The total indebtedness of the husband to the wife at the time the deed in question was executed was a little in excess of $8,000. In 1916, and for several years prior thereto, Asa Tomlinson owned the west half of a section of farming land adjoining the city of Lebanon, and in that year he sold the south quarter, on which were practically all the improvements, for $16,000. Before his wife consented to sign the deed she demanded, and he promised, that he would convey to her the other quarter, and with that understanding she signed the deed. There was an incumbrance of $8,000 on the south quarter, and out of the proceeds of that sale Asa Tomlinson paid the plaintiff $6,054.55 upon obligations then held by the bank against him. In January, 1920, Mrs. Tomlinson informed her husband that she wanted either all the money he owed her or a deed to the north quarter, and her husband replied that she would get it. The reasonable market value of the north quarter, when it was conveyed to the wife, was $12,000, but the land was subject to a mortgage of $4,000. The reasonable market value of the homestead, which included the six lots in the city of Lebanon, was $2,500, subject to a mortgage of $400. When Asa Tomlinson executed the deed in question to his wife he did not have property enough, aside from that described in the deed, to pay his existing obligations. On January 12, 1920, Asa Tomlinson conveyed by warranty deed to Rettie Tomlinson, the consideration designated being one dollar and other valuable considerations, the north quarter of the land, and also a tract of land consisting of one and a fraction acres in the city of Lebanon, the homestead of Asa and Rettie Tomlinson. The deed was delivered to Rettie Tomlinson and she recorded it on the 16th day of September, 1920. The plaintiff knew that Rettie Tomlinson had furnished her husband several thousand dollars for use in his business of buying and selling live stock. The deed to Rettie Tomlinson was not made to defraud or hinder creditors, but in consideration of money borrowed by the husband from her, including the accrued interest thereon, and the deed was executed for an adequate and valuable consideration. When the bank extended credit to Asa Tomlinson it believed that he was the owner of the land afterwards deeded to his wife.

As a conclusion of law the court held that the deed to the wife was a valid conveyance.

It is contended that the court erred in finding that at various times Rettie Tomlinson received money from the estate of her

father and from her mother, including advancements by her mother during her lifetime, amounting to $4,368.98. This is based in part on the contention that the court erroneously admitted in evidence a number of checks payable direct to Asa Tomlinson which were made by Sophie Jane Bonnett, mother of Rettie Tomlinson. It is insisted that for all that appears in the evidence these were either gifts or loans to Asa Tomlinson from his mother-in-law. Henry J. Bonnett, a brother of Mrs. Tomlinson, testified that he knew the reason certain checks were made to Asa Tomlinson, which was that Mrs. Tomlinson could not be present at the time, and she gave instructions to have them made to her husband. Besides, there was testimony to the effect that Asa Tomlinson never regarded himself as indebted to his mother-in-law or to her estate. We think that after the course of dealing between the husband and wife had been shown, covering a period of years, in which she turned over to him moneys received from her father's estate and from her mother and from her mother's estate, the court was justified in assuming that the checks made payable directly to Asa Tomlinson were intended as loans from his wife. We must, therefore, accept the correctness of the court's findings and that Rettie Tomlinson loaned her husband at different times money which amounted, with interest, to $8,087.06 at the time the deed was executed, and that the deed was made for a valuable consideration.

The main contention of plaintiff is that the court should have required Mrs. Tomlinson to first credit upon her husband's indebtedness the $2,100 found to be the value of the homestead and which was conveyed to her by the same instrument. Mrs. Tomlinson claims that the unexempt quarter section was conveyed to her in consideration of loans she had made to her husband, and that the homestead was conveyed to her as a gift. There was no claim in her answer to that effect. It was merely alleged that the conveyance was given for a good and valuable consideration for loans made by her to Asa Tomlinson. Near the close of the trial Mrs. Tomlinson was recalled and testified that the conveyance of the homestead was a gift; her husband testified that that was his intention and said that he told the scrivener to include the homestead in the deed because he wanted to make a gift of it to his wife. The defendant requested the court to find that the conveyance was a gift as to the homestead, but the court refused to make that finding. The plaintiff insists that the refusal to make that finding amounts to a find-

ing to the contrary. We do not believe that it does. The court may have regarded the requested finding as not material; or may have been unable to determine from the evidence whether or not it was a gift. Evidently the court proceeded upon the theory that the plaintiff could not, in any event, look to the homestead or any of the proceeds thereof in satisfaction of its claim. (*Scott v. Rodgers,* 97 Kan. 438, 439, 155 Pac. 961, and cases cited in the opinion.) "A debtor may convey the homestead with or without consideration, and the creditor cannot complain." (p. 440; see, also, *Hixon v. George,* 18 Kan. 253, 260.) The plaintiff concedes that this doctrine is thoroughly embedded in the Kansas law, but relies upon the rule that a creditor may not take property in payment which is appreciably greater in value than the amount of the debt. (*Farlin v. Sook,* 30 Kan. 401, 1 Pac. 123; *Bank v. Pirotte,* 107 Kan. 573, 193 Pac. 327.) It is true that a court of equity, being more flexible than a court of law, sometimes in suspicious cases where it is unable to detect actual fraud on the part of the vendee, adopts a medial course, and without setting aside the conveyance permits it to stand as a security for the satisfaction of the debt actually due the vendee, and avoids the deed as to the excess upon the theory that as to any appreciable excess in the satisfaction there is constructive, though not actual, fraud. (See *Boyd v. Dunlap,* 1 Johns Ch. [N. Y.] 478, and *Griswold v. Szwanek,* and note to same case, 21 L. R. A., n. s., 222, 225.) Plaintiff's contention in this respect is that the entire conveyance was made to the wife in consideration of the $8,000 owing to her by Asa Tomlinson; that the residence property is still the homestead of the family; that the owner of a homestead may always convey it to a creditor in satisfaction of an indebtedness; that the husband conveyed this to his wife in part satisfaction of his debt, and that Mrs. Tomlinson should be required to marshal the assets and apply the $2,100 received by the husband in the sale; and that the court should give her a lien on the unexempt quarter section for the balance due her and give the plaintiff a lien upon the unexempt quarter to the extent of $2,100. Attention is called to the fact that in the petition plaintiff asked that, if it should be found that Rettie Tomlinson paid any consideration for the lands, it be decreed that the transfer to her was at least constructive fraud, and her interest, if any, be so determined as to afford plaintiff equitable relief.

Undoubtedly plaintiff would be right in its contention were it not

for the fact, already referred to, that a creditor cannot complain of any transaction relating to or affecting the homestead or its disposition. Where the title to the homestead stands in the husband, and under the circumstances of this case, he conveys it to the wife with other property, the courts will not inquire as to the consideration for the conveyance of the homestead, but will presume that it was a gift. The creditors of the husband cannot be concerned whether it was a gift or a sale.

It follows that the judgment is affirmed.

---

## No. 23,693.

*Per curiam:* In the companion case, No. 23,693, the plaintiff seeks to subject to its claim the crop of corn grown on the non-exempt land during the season of 1920, after the land was conveyed to the wife. The crop was produced by the efforts of Asa Tomlinson, who testified that he donated his time and labor to his wife, used his exempt farm implements and teams to raise the crop, and that it belongs to her. It was attached by the plaintiff. The case is controlled by the decision in the preceding case. The plaintiff's contention is based upon the claim that it was entitled to set aside the entire transfer, or at least to a lien upon the land to the amount of the value of the homestead. Since the court has found that Mrs. Tomlinson owns the land, of course the crop of corn belongs to her.

The judgment is affirmed.