No. 23,838.

JOHN E. MATHEWSON, as Administrator with the Will Annexed of Rufus B. Overlander, Deceased, *Appellant*, v. ELIZABETH JANE RICHARDS, and MORRILL & JANES BANK, et al, *Appellees*.

### SYLLABUS BY THE COURT.

1. DEED—*Sufficient Acknowledgment.* An acknowledgment of a deed in which the officer omitted to name the county in which he acted is not a fatal defect as the presumption is that he acted within his jurisdiction.

2. SAME—The instrument on which the acknowledgment is indorsed may be considered in connection with the acknowledgment to determine the sufficiency of the certificate including the official character of the person making it.

3. SAME—*Officers Certificate Signed with Typewriter.* The fact that the officer signed his name to the certificate with a typewriter instead of a pen is not a material defect.

4. SAME—*Property Conveyed the Homestead of Grantor.* The evidence examined and held to be sufficient to uphold the finding that at the time a deed to the property was executed it was occupied as a homestead by the family of the grantor.

Mathewson, *Administrator*, v. Richards.

5. Same—*Homestead Not Subject to Claims of General Creditors.* Being a homestead the conveyance by the grantor to his daughter for the consideration of love and affection although he was at the time insolvent is valid and it cannot be subjected to the payment of the claims of general creditors.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed November 10, 1923. Affirmed.

*Jacob A. Overlander,* of New York, N. Y., for the appellant.

*Tom D. Smith,* and *Frank M. Pearl,* both of Hiawatha, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by John E. Mathewson, as administrator of the estate of Rufus B. Overlander, deceased, against Elizabeth Jane Richards, to impress a claim which had been allowed against the estate of W. E. Richards, deceased, as a lien on property which had been occupied by W. E. Richards in his lifetime as a home and which prior to his death he had conveyed to his daughter Elizabeth. There was no contention as to the amount or validity of the indebtedness claimed by the plaintiff, but the defendant alleged and contended that the property sought to be impressed with a lien had been occupied by W. E. Richards as his homestead for twenty-five years prior to the execution of the deed of the same to the defendant, that it was not made in fraud of the creditors of W. E. Richards, that defendant had given the best years of her life in rearing the family and caring for the home of her father after the death of her mother and that this together with the love and affection of her father for her constituted a sufficient consideration for the conveyance. She further alleged that it being the homestead of her father it was exempt from the claim of the plaintiff or other creditors of W. E. Richards, and that her father had the right to convey the property to her free from any liability or lien based upon plaintiff's claim. It appeared and the court found that in 1913 W. E. Richards executed and delivered to R. B. Overlander, his promissory note in the sum of $1,000, payable three years after date with interest at the rate of six and one-half per cent payable annually. As security for the payment of the note Richards executed a mortgage upon a piece of city property in Hiawatha, other than that involved in this action. On September 13, W. E. Richards executed and delivered a warranty deed conveying the home place in Hiawatha to the defendant, Elizabeth Jane Richards. The consideration named in the

deed was love and affection. The defendant was an unmarried daughter of W. E. Richards and had always lived with and made her home with her father. The place had been occupied by Richards and his family as their homestead for more than thirty years before the execution of the deed and was the only place of residence and homestead of Richards. When the deed was executed and delivered Richards owed a number of persons considerable sums of money and did not have funds or property sufficient to pay his outstanding indebtedness. He died on October 12, 1916, and on July 23, 1917, R. B. Overlander presented his note to the probate court and it was allowed as a claim against the estate, the amount of which was $1,079.97. The mortgage which had been given upon property to secure the payment of the claim was sold and the proceeds of the sale was paid to Overlander on December 3, 1917. At that time Overlander indorsed on the original mortgage the amount of the payment as full satisfaction of the mortgage. Overlander died January 15, 1919, and John E. Mathewson was appointed as administrator of his estate, and subsequently brought this action. The court found that there was still due and owing to Overlander on his claim the sum of $321.59 with interest thereon at the rate mentioned from December, 3, 1917; that Richards was insolvent and unable to pay and discharge his various obligations at the time the deed in question was made; that at the time of its execution the home place in Hiawatha was the homestead of William E. Richards and as such was exempt from the claims of creditors; that the transfer of the same to the defendant was good and valid conveyance of the property and that Elizabeth Jane Richards is now the owner of the same and further that the plaintiff was not entitled to impress a lien upon that property. Judgment was given in favor of the defendant for costs.

The appellant contends that the deed executed in W. E. Richards' lifetime to his daughter Elizabeth had inherent defects and did not vest the title to the property in her or place it beyond the reach of the creditors of her father. He insists that the finding of the court that the deed was duly executed, acknowledged and delivered to Elizabeth and thereafter recorded, is contrary to the facts and the law. The signing of the instrument by the father and the delivery of the same to Elizabeth was so fully established by the evidence as to leave no room for reasonable contention. The deed purports to have been acknowledged before Frank Lytle, a justice of the peace,

Mathewson, *Administrator*, v. Richards.

but plaintiff urges that the acknowledgment is fatally defective because the county was not stated in the caption of the certificate, and that the officer's name was written with a typing machine instead of a pen. If it were conceded that these were real defects they would not operate to destroy the validity of the conveyance. A deed otherwise properly executed is effective although defectively acknowledged or even where there is a lack of acknowledgment. In the early case of *Gray v. Ulrich,* 8 Kan. 112, it was held that "Neither an imperfect acknowledgment, nor a total want of any acknowledgment, affects the validity of a conveyance. An acknowledgment deed passes title equally with one duly acknowledged and certified." See, also, *Clark v. Akers,* 16 Kan. 166; *Arn v. Matthews,* 39 Kan. 272, 18 Pac. 65; *Munger v. Baldrige,* 41 Kan. 236, 21 Pac. 159; *Missouri Pac. Ry. Co. v. Houseman,* 41 Kan. 300, 304, 21 Pac. 284.) An acknowledgment is essential to a valid registration of a deed and also to justify its admission in evidence without proof of execution. It is no part of a contract between the parties but is only *prima facie* evidence of the execution of the deed. If mistakes are made by the officer in taking an acknowledgment they are open to explanation and correction. (*Heil v. Redden,* 45 Kan. 562, 26 Pac. 2; *Heaton v. Bank,* 59 Kan. 281; 52 Pac. 876.) The omission of the name of the county in the certificate of the officer cannot be regarded as a substantial defect. When the certificate is read in connection with the deed upon which it is indorsed, it plainly appears that the acknowledgment was taken in Brown county where the parties to the instrument resided and the justice of the peace officiated. To be sufficient the statutory requirements must of course be substantially followed. It provides that:

"The court or officer taking the acknowledgment must indorse upon the deed a certificate, showing, in substance, the title of the court or officer before whom the acknowledgment is taken; that the person making the acknowledgment was personally known to the court, or to the officer taking the acknowledgment, to be the same person who executed the instrument; and that such person duly acknowledged the execution of the same." (Gen. Stat. 1915, § 2060.)

The substance of these requirements is all that is essential and courts liberally construe certificates and uphold them as against mere technical defects. Evidence may be received to supply any omissions which are not substantial in character. In Ross & Co.'s and Elsbree's Appeals, 106 Pa. St. 82, the validity of an acknowl-

edgment was questioned where the certificate made by a justice of the peace omitted the county in which he was acting, and it was held that in the absence of proof to the contrary the presumption was that the justice was acting within his jurisdiction and the acknowledgment was upheld. See *Douglas v. Bishop*, 45 Kan. 200, 25 Pac. 628; *Bradley v. West*, 60 Mo. 33; I. C. J. 829.

Nor do we think that there was anything substantial in the objection that the justice of the peace signed his name with a typing machine instead of a pen. The manual act of attaching his name was performed by himself and it was done as evidence of his mental act in certifying that the grantor had acknowledged the execution of the instrument before him. The establishment of the genuineness of his signature where challenged may be more difficult where attached with a typewriter than with a pen but nothing is lacking in the signing of the name with a typewriter which is present when signed with a pen, providing it is done with the intention of authenticating the certificate. In a case where the party to be charged must sign a contract in order to make it binding it is held that if he places his name upon the contract with a typewriter or even a rubber stamp and does it with the intention of authenticating the writing, it is sufficient. (Note in 37 L. R. A., n. s., 352). In the present case the defects even if more serious than those pointed out would not affect the validity of the deed. Its execution was fully established by proof other than the certificate of the justice of the peace. The instrument however was entitled to be recorded, it was recorded and constituted notice to every interested party.

The finding of the court that W. E. Richards was occupying the property as a homestead and therefore had the right to give and convey it to his daughter free from the claims of creditors is contested. In the amended answer it was sufficiently alleged that the property in question had been occupied as the grantor's only home and as his homestead for about forty years prior to the execution of the deed and that it was his homestead at that time. The evidence showed that Richards with his family continuously occupied the property for at least thirty-six years. His family consisted of a wife and nine children. The wife died about twenty-eight years ago and the children lived in the home until they were married and found homes of their own. Elizabeth remained single and lived in the home with her father until his death. Another daughter, Eleanor, whose husband died about twenty-five years ago also lived

in the home with the father as a member of his family after the death of her husband. She had two children who lived in the same home until they were married and went to homes of their own. The father and the two daughters were occupying the home as his homestead until the execution of the conveyance in question. That the property was the homestead of the father when it was conveyed to Elizabeth was proved beyond peradventure. That being the situation the plaintiff and other general creditors of the grantor had no basis for subjecting the property to the payment of their claims. The homestead is exempt from claims of creditors except for taxes, obligations for the purchase price of the same, for the erection of improvements thereon, and liens given by the joint consent of husband and wife. (Constitution, art. 15, § 9.) The claim of the plaintiff was not within any of those excepted from exemption. It is said that the conveyance was made when the grantor was insolvent and with the intention of depriving creditors of resort to the property for the payment of their claims. It has been consistently held in a long line of decisions that the homestead is exempt from the claims of general creditors and that he may dispose of it while it is so occupied as he chooses as freely as if no debts existed. In *Monroe v. May, Weil & Co.*, 9 Kan. 466, it was held that the transfer of the homestead could work no fraud on creditors as "the homestead is something toward which the eye of the creditor need never be turned." In *Wilson v. Taylor*, 49 Kan. 774, 31 Pac. 697, it was decided that "a conveyance of a homestead or other exempt property, even though made with intent to defraud creditors, vests the title thereof in the grantee, and does not become subject to the lien of a judgment previously obtained by a creditor of the grantor."
It has also been held that "a debtor may convey the homestead with or without consideration, and the creditor cannot complain." (*Scott v. Rodgers*, 97 Kan. 438, 440, 155 Pac. 961.)

A few of the cases of like import are *Hixon v. George*, 18 Kan. 253; *Roser v. Nat. Bank*, 56 Kan. 129, 42 Pac. 341; *Winter v. Ritchie*, 57 Kan. 212, 45 Pac. 595; *Bank v. Tomlinson*, 112 Kan. 274, 213 Pac. 830, 832.

These authorities sufficiently answer all the other objections urged by the plaintiff and it being rightly determined that the property was a homestead at the time of the conveyance nothing material is left in the appeal for consideration.

Judgment affirmed.