No. 33,766

H. A. BRYANT, Executor of the Estate of Clara M. Fordyce, Deceased, *Appellant*, v. BESSIE FORDYCE, Executrix of the Estate of Foster H. Fordyce, Deceased, BESSIE FORDYCE ARMSTRONG, and CARL V. RICE as Administrator of the Estate of Bessie Fordyce Armstrong, Deceased, *Appellees*.

(78 P. 2d 32)

Opinion filed April 9, 1938.

*Elmer W. Columbia*, of Parsons, for the appellant.

*Carl V. Rice, Earl Bohannon*, both of Parsons, and *Harry G. Miller, Jr.*, of Kansas City, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action by the administrator of the estate of Clara M. Fordyce, who died November 20, 1929, to recover on two promissory notes given to her by Foster H. Fordyce, who died May 2, 1928. From an adverse judgment the administrator appeals.

There is no dispute as to the facts out of which the controversy arose. Isaac M. Fordyce, a resident of Parsons, Kan., and the owner of lot 25, block 26, and lot 1, block 11, in the city of Parsons, died in 1913, leaving a will which was duly admitted to probate, in which he gave to his wife, Clara M. Fordyce, a life estate in the above property, and of the remainder an undivided four-ninths interest to Foster H. Fordyce, an undivided four-ninths interest to Irene Fordyce and the remaining one ninth in trust for certain beneficiaries. In 1925 Foster H. Fordyce was married. His wife's father advanced him $3,800 in consideration of his agreement to execute a will leaving his wife all of his property and the delivery to his wife of a transfer and conveyance of all his interest in the real estate left him by Isaac M. Fordyce. He made a will dated June 28, 1926, in which his wife, Bessie Fordyce, was sole beneficiary and executrix. Later he made the conveyance, which, for our purposes, reads:

"To Whom [It] May Concern:      "TOLEDO, OHIO, Apr. 29, 1927.

"I owe my wife Bessie Fordyce $3,800 and accrued interest from date and do hereby assign and set over without resign all interests in properties and real estates left me by Isaac M. Fordyce, deceased, of Parsons, Kansas, to said Bessie Fordyce.      (Signed) FOSTER H. FORDYCE.

Witness: (Signed)  J. GAWRYS"

Under date of May 31, 1927, Foster H. Fordyce delivered to Mrs. Clara Fordyce his demand note for $3,060. On the back of the note was an endorsement that the note covered all of his indebtedness to her and that it was payable at the time of her demise only or as near after as possible. Later, and on April 6, 1928, he delivered her another note due in one year for $405. On May 2, 1928, Foster H. Fordyce died. His will was duly admitted in Missouri where he lived, and in September, 1930, was made a matter of record in the probate court in Labette county, Kansas. On November 20, 1929, Clara M. Fordyce died, and her will was duly admitted to probate in Labette county, and H. A. Bryant was appointed as executor. Such other facts as are pertinent will be mentioned later. On June 19, 1934, the executor of the estate of Clara M. Fordyce brought an

action to recover on the two notes given by Foster H. Fordyce. He alleged the death of Foster H. Fordyce on May 2, 1928, and his nonresidence in Kansas and his ownership of the interest in the above-described real estate, and that he had no other property in Labette county, Kansas; that Bessie Fordyce was executor of his estate and the sole beneficiary under his will; that she had remarried and her name was Bessie Fordyce Armstrong, and that she was a nonresident of Kansas. The prayer of the petition was for judgment on the notes and for an order of attachment on defendant's interest in the real estate. On the same day the petition was filed, an order of attachment issued and thereafter the lands were attached and publication notice was given as provided by statute.

Bessie Fordyce Armstrong answered, making some admissions about matters not in dispute, denying specifically that she was the executrix of the estate of Foster H. Fordyce, and denying generally. She alleged affirmatively that plaintiff's claim was barred by the statute of limitations, and in detail alleged the facts with reference to the advancement by her to her then husband, Foster H. Fordyce, of the $3,800 and the conveyance of his interest in the above-described real estate to her; the death of Foster H. Fordyce; that Clara M. Fordyce was notified thereof; that his will was admitted to probate in St. Louis, Mo., but no administration was had, as he owned no personal property and owed no debts; that Clara M. Fordyce made no demand for payment of any indebtedness; that such sums as Clara M. Fordyce paid to Foster H. Fordyce were as advances against his interest in her estate, a copy of her will being attached as an exhibit; that immediately after the death of Clara M. Fordyce she claimed her right of possession in the real estate and filed her petition for partition against Irene Springer Fordyce and the executor of the estate of Issac M. Fordyce, as result of which she and Irene Springer Fordyce purchased the real estate, and they have since been the owners and in possession thereof. Other affirmative allegations need not be noted. By way of cross petition, she alleged that Clara M. Fordyce failed to pay certain taxes and that plaintiff, as agent of the owners of the real estate, used funds of the defendant in the amount of $358.52 to pay taxes which were an obligation of Clara M. Fordyce and payable from her estate. She prayed judgment for that amount, with interest from November 20, 1929. The plaintiff filed a general reply. On March 31, 1937, the court rendered a judgment in favor of the

defendants. Plaintiff filed a motion for a new trial, and while it was pending an affidavit was filed by Carl V. Rice that Bessie Fordyce Armstrong had died intestate on March 30, 1937, and he had been appointed administrator of her estate. On June 15, 1937, the court vacated the judgment rendered and revived the cause in the name of the administrator, who filed a supplemental cross petition with reference to the taxes, as above mentioned. The plaintiff filed a general reply, and by stipulation the cause was submitted on the record previously made. On July 9, 1937, the trial court found all issues in favor of Carl V. Rice, administrator of the estate of Bessie Fordyce Armstrong, deceased, and against the plaintiff, and on the cross petition found the administrator should recover $522.74. Judgment was entered accordingly, and the attachment of real estate was vacated and set aside. Plaintiff's motion for a new trial was denied, and he appeals.

The trial court made no findings of fact nor conclusions of law, and we do not know on just which of the several defenses alleged it grounded its decision.

Appellant directs our attention to a number of our decisions with reference to whether his claim was barred by the statute of limitations, but we do not think it necessary to consider that asserted defense nor whether it was good. As we view the matter, insofar as the plaintiff's claims on the notes are concerned, it may be conceded for purposes of discussion the notes are unpaid, and not barred by any statute of limitations or of nonclaim. But that does not determine that the real estate may be appropriated to the payment thereof. No one had any liability on the notes except Foster H. Fordyce and no property may be appropriated for the payment thereof except property belonging to him. And so we inquire whether the document quoted above was good as a conveyance between Foster H. Fordyce and his wife. There is and can be here no claim that it was made in fraud of creditors, nor is there any claim that Clara M. Fordyce loaned any moneys to Foster H. Fordyce on any assumption he still owned the interest in the real estate. Her will, which has been referred to but not quoted, indicates an intention that his debt shall be charged against the estate therein devised to him. A deed signed by the grantor, even though unacknowledged, conveys the property described as against the grantor and those claiming under him (*Simpson v. Mundee & Brown*, 3 Kan. 172) ; the total want of an acknowledgment does not affect the validity of a

deed (*Gray v. Ulrich*, 8 Kan. 112; *Clark v. Akers*, 16 Kan. 166, 174), and where execution of a deed is proved it is immaterial whether the deed was acknowledged, as an unacknowledged deed passes title equally with one duly acknowledged. (*Mo. Pac. Rly. Co. v. Houseman*, 41 Kan. 300, 21 Pac. 284. See, also, *Heil v. Redden*, 45 Kan. 562, 26 Pac. 2; *Heaton v. Bank*, 59 Kan. 281, 289, 52 Pac. 876; *Mathewson, Adm'r, v. Richards*, 114 Kan. 500, 503, 220 Pac. 185; and *Brinkman v. Empire Gas & Fuel Co.*, 127 Kan. 551, 274 Pac. 277.) Nor can any serious complaint be made concerning the operative words of conveyance used, *i. e.*, "assign and set over," for they indicate an intention by the grantor to transfer to the grantee. It is not necessary that technical words be used (*Knutson v. Hederstedt*, 125 Kan. 312, 264 Pac. 41; 18 C. J. 178; 8 R. C. L. 936). Neither can it be said the description of the conveyance was not sufficient, for it referred to all the real estate left the grantor by Isaac M. Fordyce, of Parsons, Kan. As the record shows, his will left Foster H. Fordyce a definite interest in specifically described real estate. The description is not ambiguous, but if it were, evidence to explain the ambiguity and identify the land intended to be conveyed is admissible. (*Riley v. Foster*, 95 Kan. 213, 148 Pac. 246.) Sufficiency of description in a tax deed was involved in *Herod v. Carter*, 81 Kan. 236, 239, 106 Pac. 32, and it was there said:

"As between grantor and grantee in an ordinary conveyance it is not essential that a description shall be so particular and complete that a resort to extrinsic evidence shall be unnecessary. It has been said that 'the law will not declare a deed void for uncertainty when the light which contemporaneous facts and circumstances furnish renders the description definite and certain.' (*D. M. & A. Rly. Co. v. Lockwood*, 54 Kan. 586, 591. See, also, *Seaton v. Hixon*, 35 Kan. 663; *Hollis v. Burgess*, 37 Kan. 487; *Abercrombie v. Simmons*, 71 Kan. 538.) For the purpose of applying the defective description and identifying the property conveyed the court may look to other facts and circumstances suggested by the description." (p. 239.)

And see *Tucker v. Allen*, 16 Kan. 312, syl. ¶ 5, and *Powers v. Scharling*, 64 Kan. 339, syl. ¶ 3, 67 Pac. 820, on the same matter. There is no question of identity of the grantee nor that the instrument of conveyance was not made and delivered. We are of opinion that the conveyance from Foster H. Fordyce to his wife was good.

Neither is there any dispute that since the death of the life tenant Bessie Fordyce Armstrong, as grantee in the above deed, was not in possession of her interest in the above-described real estate.

Unless Foster H. Fordyce was the owner of the real estate at the

time of his death, it could not be appropriated to the payment of claims against his estate, and where the real estate had been conveyed by him long prior to his death, and prior to the time the claimed debt was incurred, it was not subject to attachment in an action brought after his death. In *Dearborn v. Vaughn*, 46 Kan. 506, 26 Pac. 1038, the syllabus recites:

"Where real estate attached in a civil action as the property of the defendant does not belong to him, and he has no title, estate or interest therein, such property is not subject to the payment of the defendant's debts." (Syl. ¶ 1.)

In *Julian v. Oil Co.*, 83 Kan. 440, 111 Pac. 445, it was said:

"An attachment creditor acquires no greater right in the property seized than the defendant in the attachment owned. (*N. W. Forwarding Co. v. Mahaffey, Slutz & Co.*, 36 Kan. 152; *Bank v. Fleming*, 63 Kan. 139. See, also, *Johnson v. Brant*, 38 Kan. 754.) The attachment bound the interest of the defendant only, whether that interest was shown by the record or not. The attaching creditor is not a purchaser for value buying upon the strength of a record title. (*Markley v. Investment Co.*, 67 Kan. 535.)" (p. 440.)

And in the more recent case of *Federal Trust Co. v. Ireland*, 132 Kan. 615, 296 Pac. 704, where some of our decisions are reviewed, it was stated:

"It is well settled that an attachment execution or judgment lien does not attach to or affect an interest in property beyond what the debtor owns." (p. 616.)

It follows the trial court properly set aside the attachment.

It is also to be observed that the notes involved were made by Foster H. Fordyce and no other person. Although there was an allegation that Bessie Fordyce was the executor of his estate, that allegation was denied, and the record shows that she was not. There was lack of any party to the suit against whom any judgment could be rendered as to any liability there may have been on the notes.

Appellant contends that the judgment against him to recover for moneys belonging to Bessie Fordyce Armstrong and used by him to pay taxes, which were an obligation due from Clara M. Fordyce, should be reversed for the reason the claim so made was not the proper basis of a counterclaim or setoff under the code. The record shows that defendant, by way of cross petition, alleged the facts about the payment of taxes. Plaintiff filed no motion with respect to the claim being properly pleaded, nor did his reply raise any such claim. The agreed statement of facts covered the matter. So far as the record shows, not until the second motion for a new trial was there any question raised as to defendant's right to re-

cover on the cross petition. In any event, it appears the trial court properly had the matter before it. Under G. S. 1935, 60-710, it is provided:

"The defendant may set forth in his answer as many grounds of defense, counterclaim, setoff and for relief as he may have," etc.

and in G. S. 1935, 60-711, that:

"The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof," etc.

Here the gist of the action was to establish claims against the estate of Foster H. Fordyce and to appropriate property belonging to his grantee for payment thereof. In that circumstance, she was entitled to show any defense she had, and to recover such relief as she may have been entitled to because of plaintiff's use of her moneys (rents from the specific real estate) to pay taxes on that real estate which concededly should have been paid by plaintiff's intestate. To say the least, the relief granted was properly involved in a complete determination of the action. (See *Solomon v. Lampl*, 135 Kan. 469, 475, 11 P. 2d 1028.) If there was any error, it would be fruitless to reverse this part of the judgment, and compel another trial where the facts are undisputed.

The judgment of the trial court is affirmed.