## FREDERICK PRACHT v. JOHN PISTER.

PERSONALTY—*Special Order of Sale—Purchaser's Title.* Where upon a valid judgment in a justice's court a writ is issued which is in form an order of sale, that is, a command to satisfy the judgment out of *certain named* personal property, when nothing should have issued but a general execution, that is, a command to satisfy the judgment out of *any* personal property not exempt; and where upon such writ the property named is sold, sold in the presence of and without any objection from the defendant, and sold under such circumstances that it could fairly be said to be in the possession of the officer: *Held,* That notwithstanding the irregularity in the proceedings, the title of the purchaser could not be questioned in a collateral proceeding.

### Error from Marion District Court.

ACTION by *Pracht* against *Pister*, for the possession of certain wheat. Trial at the November Term, 1882, and verdict and judgment for defendant. Plaintiff brings the judgment here for review. The opinion states the case.

*Doster & Bogle*, for plaintiff in error:

It is apparent from an inspection of the paper claimed by plaintiff in error to be in substance and effect an execution, that it contains every element that is necessary or essential to that writ. The record in the case discloses that every prerequisite of an execution existed prior to the issuance of this paper by the justice.

The right to an execution at the time this paper was issued, must be conceded. (Freeman on Executions, § 38.) Instead of requiring unusual strictness from justices of the peace, their writs will be granted unusual indulgence. (Fr. on Ex., § 38.)

This paper possesses all the statutory elements of an execution. It is directed to a constable of the county; it is subscribed by the justice by whom the judgment was rendered; it bears date the day of its delivery to the officer to be executed; it intelligibly refers to the judgment by stating the name of the justice before whom, and of the county and township where, and the time when, it was rendered, and the amount of the judgment. It requires the constable *substantially* to collect the amount of the judgment of the personal property of the debtor, and to pay the same to the party entitled thereto; and it directs the officer to make return of the execution, and a certificate thereon showing the manner in which he has executed the same, in thirty days from the time of his receipt thereof. (Comp. Laws 1879, ch. 81, § 139.)

Even though the paper should be regarded as a special execution, issued upon a general judgment, that would not make the sale void. "The order to sell special property is author-

ized by the general and unlimited order that an execution shall issue. This authority for a general execution necessarily includes a warrant for one of a more limited or special character, as a minor warrant is obviously comprised under the greater." (*Swiggart v. Harber*, 4 Scam. 364; *Rockwell v. Cuthbert*, 21 Ill. 279; *Corriell v. Doolittle*, 2 G. Greene, 4 Iowa, 385; *Paine v. Mooreland*, 15 Ohio, 436.)

The court having undisputed jurisdiction of the defendant and of the subject-matter of the suit, and the defendant being in no way whatever prejudiced, it cannot be claimed that the sale was void. The sale not being void, it cannot be attacked collaterally. (*Cooley v. Brayton*, 16 Iowa, 10, and cases there cited.)

Cases where the writ is simply erroneous and irregular, are to be distinguished from cases where it is void. (*Peter v. Haskell*, 11 Me. 177.)

The sale will not be set aside for a mere irregularity, especially when no one has been prejudiced.

*J. Hudson Morse*, for defendant in error :

For the sake of argument call the paper an execution, and still plaintiff had no title to the property, and the judgment of the court below must be affirmed. If this paper was an execution, it had no effect upon the property of defendant until a *levy* was made by the person holding it. Until a levy was made, the officer was vested with no general or special property in defendant's goods, (Freeman on Executions, § 268,) and hence he could not convey or sell what he had not. In order to give him such a vested interest as would enable him to sell, a levy was indispensable. (14 Wis. 202; Freeman on Executions, § 274; *Armstrong v. Grant*, 7 Kas. 294.) To make this levy there are certain prerequisites absolutely indispensable. (18 Wis. 408; Freeman on Executions, §§ 254, 260, 262, 263, and cases there cited.) Without such a levy any sale, or attempt to sell, is absolutely void, and the officer a trespasser. (Freeman on Executions, § 260.) No such

levy was made, nor was *any* levy whatever made or attempted to be made, if we take the position claimed by plaintiff and call this paper an execution.

The only levy that was at any time made upon the property sought to be recovered in this action, and which was attempted to be sold under said paper, was made under the attachment order; and the only return of a levy was made on the back of the attachment order. The case-made does not pretend to show any other or further levy, but on the contrary it appears by the case-made that the next succeeding step taken by the officer, after the issuance of this pretended execution, was the advertisement of the specific property long theretofore attached. Nor can plaintiff avoid the want of a levy by contending that a prior levy had been made, because if such be contended for then there was no execution, and the paper is just what it purports to be, and void because its inception was without authority of law.

The opinion of the court was delivered by

BREWER, J.: On November 21, 1881, the firm of Pracht, Schultz & Co. recovered a judgment before a justice of the peace against the defendant for the sum of $260.20. Of the validity of this judgment there is no question. In fact, the judgment was rendered upon the personal admission of the defendant. Thereafter, without issuing execution and for some inexplicable reason, the plaintiffs filed an affidavit for an order of attachment. The order of attachment was issued and levied upon certain personal property, to wit, fifty acres of growing wheat; and upon the determination of this attachment proceeding an order of sale was issued commanding the constable to satisfy the judgment by a sale of the property attached. Under this writ it was sold to one of the plaintiffs in the judgment, and in the presence of and without any objection from the defendant.

The question now is, whether in a collateral proceeding the validity of this sale can be challenged by the defendant. We have in this state no form of execution prescribed by statute.

The statute, (Comp. Laws of 1879, ch. 81, § 139,) simply directs what the execution shall contain, and the order of sale contains all the requisites of an execution prescribed by said section, except in this respect: that section provides that the process direct the officer to collect the amount of the judgment out of the personal property of the debtor. This order of sale, reciting a levy of an order of attachment upon the specific property, commands the officer out of said goods to cause the said judgment to be satisfied. In other words, instead of being a general execution commanding the officer to satisfy the judgment out of any personal property of the defendant, it was a special order commanding him to satisfy it out of certain named property. Upon the process and in the presence of defendant the property was sold. No motion was made to set aside the process or the sale; in fact there was no direct attack upon the proceedings. The question is whether those proceedings were so irregular and defective that they must be adjudged void, and therefore open to collateral attack. It is conceded that the attachment proceedings amounted to nothing. The statute makes no provision for an attachment after judgment, nor indeed in such case is there any need of such proceedings. The only purpose of an attachment is to seize and hold the property until the claim of the plaintiff can be adjudicated. After judgment, an execution will seize anything that an attachment order would; so that the latter is unnecessary. Being therefore unauthorized by statute, and unnecessary, it may be disregarded. And the question really comes down to this: If the justice issues a writ commanding the officer to satisfy the judgment out of certain personal property, when he ought to have issued a writ commanding him to satisfy it out of any personal property, is this writ and a sale under it void? We think not. The greater includes the less. The power to command the seizure and sale of any personal property includes the power to seize and sell certain specific property. (*Swiggart v. Harber*, 4 Scam. 364; *Rockwell v. Cuthbert*, 21 Ill. 279; *Corriell v. Doolittle*, 2 G. Greene, (4 Iowa,) 385;

*Paine v. Mooreland,* 15 Ohio, 436; *Cooley v. Brayton,* 16 Iowa, 10; *Peter v. Haskell,* 11 Me. 177.) Doubtless such an order is irregular, and could be set aside on motion; but if the defendant makes no objection, permits the sale under it, he should not be permitted thereafter to object that it is void. The defect is not a want of power, but a mere irregularity in proceeding; and in collateral proceedings mere irregularities are not sufficient to defeat the title. (*Paine v. Spratley,* 5 Kas. 525; Freeman on Executions, § 343, and cases cited in the note.)

But it is further objected, that under this order of sale the officer would make no levy; that the levy under the order of attachment was a nullity, and that a levy is indispensable to a valid sale. A levy means this, and nothing more: the taking possession of property by the officer. When there is possession, absolute or constructive, there is a levy, and in any collateral proceeding it is enough that there was such possession. Here the only possession which could have been taken of the property was in fact taken under the order of sale. Now although such taking of possession was unauthorized, yet the officer could do no more if he had been authorized; and having taken such possession, and being in such possession, he made all the levy that was necessary to uphold his sale. He could have taken no further possession if a general execution had been placed in his hands. Hence we think that all the levy that was indispensable was in fact made. (Freeman on Executions, § 274.)

We therefore conclude that notwithstanding the defects, they were not sufficient to invalidate the proceedings as against a collateral attack. The judgment of the district court must be reversed, and the case remanded for a new trial.

All the Justices concurring.