No. 20,945.

J. A. CLARK, *Appellee,* v. W. G. TANDY et al., *Appellants*
(A. C. AUSTIN, *Appellee*).

SYLLABUS BY THE COURT.

1. EXECUTION SALE—*Sheriff's Deed—Collateral Attack.* An attack by strangers on a sheriff's deed, in an action separate from that in which the sheriff's deed was issued, on the ground that out of the proceeds of the sale the current taxes were not paid nor the land redeemed from tax sales, is a collateral attack and can not be maintained.

2. SHERIFF'S DEED—*Rights of Holder' Thereof.* The grantee in a sheriff's deed obtains as good a title to the real property conveyed as was held by the person against whom execution was issued. This includes the right to attack a voidable tax deed.

3. TAX DEED—*When Voidable.* A tax deed is voidable when based on a redemption notice which includes illegal interest, and which does not comply with section 11446 of the General Statutes of 1915.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 7, 1917. Affirmed.

*Robert H. Steele,* of Topeka, for the appellants.
*Edwin A. Austin,* of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to foreclose a real estate mortgage given by defendants A. C. Austin and Edwin A. Austin. The plaintiff and A. C. Austin recovered judgment for the possession of the real property in controversy. Defendants, W. G. Tandy, Hampton A. Steele, C. A. Forter, Emma Morrison, Mary A. Hoopes, and Maude Allen, appeal.

A. C. Austin holds two titles to the property, one evidenced by a sheriff's deed, and the other based on a tax deed. The appealing defendants hold tax deeds subsequent to the tax title and sheriff's deed of A. C. Austin.

1. The sheriff's deed was executed on the confirmation of a sheriff's sale, under an execution issued on a judgment against Frank J. Brown. The appealing defendants attack the sheriff's deed for the reason that, out of the proceeds of the sale, the land was not redeemed from the tax sales nor the

Clark v. Tandy.

current taxes paid, as required by section 11279 of the General Statutes of 1915. The sheriff's sale could, before the deed was issued, have been attacked by any party to the action; but after the sale was made and confirmed and a deed was executed and delivered, the matter was closed. In another and independent action or proceeding, as the present action, the deed can not now be attacked, either by parties to the action or by strangers. The attack made by the appealing defendants is a collateral attack on the sheriff's deed and on the judgment confirming the sheriff's sale, and such an attack can not be maintained. (*Pracht v. Pister*, 30 Kan. 568, 1 Pac. 638; *Rounsaville v. Hazen*, 33 Kan. 71, 5 Pac. 422; *Stetson v. Freeman*, 35 Kan. 523, 11 Pac. 431; *Trowbridge v. Cunningham*, 63 Kan. 847, 66 Pac. 1015; *Caldwell v. Bigger*, 76 Kan. 49, 90 Pac. 1095; *Beeler v. Elwell*, 92 Kan. 586, 141 Pac. 551; 24 Cyc. 72.)

2. Section 502 of the code of civil procedure provides, in substance, that every sheriff's deed made under any execution shall vest in the purchaser as good and perfect estate in the premises described as was vested in the person against whom the execution was issued. A. C. Austin acquired the same rights under the sheriff's deed that had been possessed by the judgment debtor, Frank J. Brown. The attack on the sheriff's deed is not that Brown did not have title, but that the sheriff's deed itself is invalid. The sheriff's deed vested in A. C. Austin the same right to attack the tax deeds of the appealing defendants that Brown had prior to the execution of the sheriff's deed.

3. The trial court found that the tax deeds of the appealing defendants were void, and that they obtained no right, title or interest thereunder to the real estate described therein. The appealing defendants have failed to show wherein the finding and judgment of the trial court on the tax deeds were wrong. The attack of the plaintiff and A. C. Austin on the defendants' tax deeds shows serious defects therein. The redemption notice did not conform to the requirements of the statute. Section 11446 of the General Statutes of 1915 requires that the final redemption notice shall state "the amount of taxes, charges and interest calculated to the last day of redemption." The notice published used the following language: "tax charged

and endorsed on each parcel of land with interest thereon calculated to and including the 5th day of September, 1914." September 5, 1914, was the last day of redemption. There is a wide difference between "taxes, charges and interest" and "tax charged and endorsed." The last expression does not include charges or interest. The evidence showed that the final redemption notice included the current taxes that were due and unpaid on the first day of August, 1914, and included interest thereon from that date until the end of the redemption period. The redemption notice did not comply with the statute, and the interest was illegal. The trial court was correct in finding that the tax deeds were invalid. *Shinkle v. Meek,* 69 Kan. 368, 76 Pac. 837, and *Cave v. Rinehart,* 87 Kan. 81, 123 Pac. 766, while not directly in point, give some support to the conclusion reached by this court.

The judgment is affirmed.