No. 28,183.

HETTIE METZ, *Appellant,* v. O. P. HICKLIN, as Marshal of the City Court of Wichita, et al., *Appellees.*

(268 Pac. 823.)

Opinion filed July 7, 1928.

*S. S. Alexander,* of Kingman, for the appellant.

*E. E. Enoch, J. W. Ward* and *Thomas Harley,* all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action in mandamus to compel the delivery by officers of the proceeds of property sold upon execution to satisfy a judgment. Hettie Metz sued O. P. Hicklin, marshal of the city court of Wichita, and B. L. Bayman, clerk of that court, alleging that she had recovered a judgment against H. L. Oliver, which had not been paid; that an execution had been issued thereon and placed in the hands of the marshal; that he had levied on a crop of growing wheat and made a sale of the same for $440, but had failed to turn over to the plaintiff the proceeds of the sale. Upon a demand of payment the marshal stated that he had paid the proceeds of the sale to the clerk of the city court, and that the clerk, Bayman, had represented that he had not received the proceeds of the sale, saying that Hicklin, the marshal, had turned over to him only a worthless check, and it was alleged that plaintiff had been unable to obtain the proceeds of the execution sale from either of the defendants. She alleges that the marshal and clerk are conniving and conspiring together in handling the proceeds, and, although they both have control of the funds, are intentionally and unlawfully withholding and refusing to pay the proceeds of the sale to plaintiff.

Among other things pleaded was that an action had previously been brought to enjoin the sale of this property, and that a judgment had been rendered denying the injunction, which judgment had become a finality. Plaintiff asked for the issuance of the writ of mandamus compelling the marshal and clerk to pay the sum of $407.75 as the proceeds of the sale, together with $150 attorneys' fees expended in the prosecution of this proceeding and damages resulting from the preparation and trial of the case in the amount of $50. An alternative writ was granted, but a separate motion of Hicklin, the marshal, was made to quash the writ, which the court sustained. An appeal was taken from the order quashing the alternative writ.

Upon the right of the plaintiff to the remedy of mandamus to compel the performance of an official duty by the defendants—that is, the payment of the proceeds of the execution sale—there can be no question. (*Kansas City v. Stewart,* 90 Kan. 846, 136 Pac. 241; *Cates v. Knapp,* 104 Kan. 184, 178 Pac. 447; *Ramsey v. Bank Commissioner,* 115 Kan. 212, 222 Pac. 117.) No good reason is seen for the order quashing the writ. The averments of the verified petition

show that a sale on execution was made by the marshal, and a return of the writ showing its execution was also made. It is argued that when the writ was executed and a return made to the clerk his duties and liabilities in that connection were ended. The execution creditor has received none of the proceeds of the sale. It is alleged that the excuse given was that a check had been given by the purchaser which was returned by the marshal to the clerk, and the clerk in turn stated that nothing had been received by him, as the check returned was worthless. Because of these excuses both officers were joined as defendants and charged with conspiring together to defeat a recovery of the proceeds of the sale. The motion to quash the writ was made by the marshal alone, and therefore the liability of the clerk is not before us. As to him the case was continued.

While the officers were shifting or shuffling responsibility, the plaintiff was "holding the sack." In respect to the marshal, it was his duty to sell for cash, and he cannot escape liability by accepting anything other than cash. If the purchaser declined to pay cash the marshal could have treated the bid as a nullity and again offered the property for sale. Instead of doing that, the marshal treated the sale as consummated, and he therefore made himself liable for the amount of the bid. (*Walker v. Braden*, 34 Kan. 660, 9 Pac. 613; 23 C. J. 648.) The only excuse for accepting a check or something other than cash would have been the consent or direction of the execution creditor, and this was not given. Referring to R. S. 61-1412, which provides that it is the duty of constables to pay over to a party entitled thereto money received in their official capacity upon demand, made at any time before a return is made upon the writ upon which the officer received it, the defendant contends that no demand was made until after he made his return, and therefore he is not liable. The provision can have no application to a case where no money was returned. Nor is he justified in setting up the defense that the property was not subject to sale. That matter, as we have seen, has been finally adjudicated in an action against his predecessor where the right of the marshal to sell this identical property was involved. The privity between him and his predecessor made the judgment dissolving the injunction binding upon him. Besides, the property was seized and sold by him, the purchaser bought with his eyes open and took all risks, and cannot set up a defect in the title of the execution debtor. The officer only sells the interest of the debtor.

(*Treptow v. Buse,* 10 Kan. 170.) And it is held that the rule of *caveat emptor* applies in strictness to sales under an execution. (*Dickson v. McCartney,* 226 Pa. St. 552; 23 C. J. 654.)

We conclude that the plaintiff was entitled to maintain the action and that the court was not warranted in quashing the writ.

Some argument is made in relation to the allowance of attorneys' fees and damages in the action, but as the case is here only upon the petition, these questions must wait the ultimate decision of the case.

The judgment is reversed and the cause remanded for further proceedings.