No. 34,125

FRANK L. HOWARD, *Appellee,* v. MARY E. HOWARD et al., *Defendants;* FRANCIS LIVENGOOD, *Appellant.*

(86 P. 2d 510)

Opinion filed January 28, 1939.

*L. E. Helvern* and *Richard W. Shaw,* both of Hiawatha, for the appellant.
*Walker F. Means,* of Hiawatha, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to foreclose a real-estate mortgage. Judgment went for the plaintiff, and the defendant, Francis Livengood, alone appeals. The defendants in the action were Mary E. Howard, mother of the plaintiff, Frank L. Howard, Francis Livengood and Mildred Livengood, his wife, Charles W. Johnson, receiver of the Citizens State Bank of Morrill, an insolvent corporation, and Bryant Scott and Agnes Scott, his wife. The note in the sum of $5,000 and the mortgage securing it were signed by Mary E. Howard and N. E. Howard, the mother and father of the plaintiff, the father having died prior to the commencement of this action. The action was commenced when default was made under the terms of the mortgage. The relationship of the other defendants to the action will appear in the course of the opinion, but we are now concerned only with the rights of the appellant, Francis Livengood. The note and mortgage constituted a part of a written contract dated June 6, 1932, between Frank L. Howard and his parents, for the future support of the parents. This action was commenced August 25, 1936. Defendant Livengood claimed title to the land as a purchaser at an attachment sale in another action which had been brought by a creditor of plaintiff's mother. In an answer and cross petition in the present action defendant Livengood sought to have plaintiff's rights under the mortgage set aside on the ground the mortgage constituted a fraud on a creditor of plaintiff's mother and also a fraud on him. Judgment was rendered on the pleadings and stipulated facts.

The pertinent facts were in substance as follows: On August 5, 1931, Mary E. Howard and N. E. Howard were the owners of an eighty-acre tract of land located in Brown county. They each owned an equal undivided one-half interest therein. On August 5, 1931, Mary E. Howard alone executed an unsecured note in the sum of $1,006.66 to the Citizens State Bank of Morrill. That bank later failed. The son, Frank L. Howard, had knowledge of the debt to the bank. On June 6, 1932, plaintiff's parents entered into a written contract with the plaintiff. They were all living in California at the time. In the contract plaintiff agreed to provide all future support for his parents. The parents in turn executed the $5,000 note and

first mortgage upon the land in question and assigned to plaintiff a note in the sum of $1,000 which was secured by a first mortgage on five acres of land in Brown county. They also assigned to plaintiff a $700 note, which was unsecured, and all of the revenues from their land. Plaintiff agreed to use the revenues for the payment of taxes, insurance, interest and incidental expenses required in the maintenance and upkeep of the property. In the event of a deficiency between the income and expenses, plaintiff was to pay the same. The assignments covered substantially all of the property owned by the parents other than the land in question. The mortgage to plaintiff was recorded June 11, 1932. Plaintiff supported his father until his death and continued to support his mother at all times. In the support of his parents he expended, in excess of all income from the land, the sum of $4,445.42. The land was worth approximately $4,000. On November 9, 1933, the receiver of the defunct bank instituted suit on the note given by plaintiff's mother. The eighty-acre tract of land was attached at the commencement of that action, and the son, Frank L. Howard, was made a party to that action. N. E. Howard, the father, died intestate November 25, 1933, and Mary E. Howard became the owner of an equal undivided three-fourths interest in the farm and plaintiff obtained a one-fourth interest therein, they being the only heirs of the deceased. Frank L. Howard and his mother became tenants in common. September 25, 1934, Frank L. Howard lodged a demurrer to the petition of the receiver on the ground of misjoinder of parties defendant, and causes of action. The demurrer was sustained. No appeal was taken from that ruling. April 23, 1935, judgment was rendered in the receivership action against the defendant, Mary E. Howard, only, in the sum of $1,009.21, together with interest. On August 19, 1935, the land was sold to Francis Livengood for $1,075. The present foreclosure action, as previously stated, was commenced August 25, 1936. On March 1, 1937, a sheriff's deed was issued to Francis Livengood, and that deed was recorded on March 13, 1937. On March 18, 1937, Francis Livengood entered into a farm lease for one year with Bryant Scott. On June 15, 1937, a demurrer of the plaintiff, in the instant action, was sustained to the separate answer of Francis Livengood. No appeal was taken from that ruling and that answer is not contained in the record before us. On August 18, 1937, Livengood filed a separate answer and cross petition in which he claimed title to the land as a purchaser at the attachment sale in the re-

ceivership action or to at least a three-fourths interest therein and challenged the contract and mortgage as having been executed for the purpose of hindering, delaying and defrauding the Citizens State Bank of Morrill, and that it was fraudulent as to him. To that answer plaintiff filed an amended reply and to the cross petition he filed an amended answer and pleaded, among other things, the bar of the two-year statute of limitations relating to causes of action based upon fraud. On April 19, 1938, judgment of foreclosure was rendered in the instant case, and the plaintiff was decreed to have a first and prior lien on the three-fourths interest, and the land was ordered sold to satisfy plaintiff's mortgage debt. On August 1, 1938, the land was sold to the plaintiff, who bid the full amount of his judgment in the sum of $4,445.42, together with interest thereon.

The defendant, Livengood, contends the trial court erred in declaring plaintiff's mortgage a prior lien on the land. He insists the contract for future support and the mortgage made by the parents to their son at a time when one of the parents was indebted to the Citizens State Bank of Morrill, with the son's knowledge of such debt, constituted a constructive fraud on the bank and on him as a purchaser at the sheriff's sale, and should be set aside. He also contends he became the owner of the mother's three-fourths interest when he purchased at the sheriff's sale. We need not discuss the question as to whether the contract and mortgage for future support should have been set aside had it been challenged before the support had actually been furnished. The question here is whether the mortgage should be declared void when first challenged after support had been furnished in an amount exceeding the value of the debtor's interest in the land. The mortgage obviously was not void on any ground so far as the father's interest in the land was concerned. He owed the bank no debt. His interest in the land was of no concern to the bank. His interest was not subject to the payment of the bank's claim. The mortgage was executed June 6, 1932. It was recorded June 11, 1932. The action by the receiver of the bank was not commenced until plaintiff had performed under the contract for over one year and five months. When the receiver commenced the action there stood of record this mortgage on the land in favor of the plaintiff. Plaintiff's demurrer to the petition of the receiver was sustained. No appeal was perfected from that ruling. Whatever the equitable interest of Frank L. Howard under his mortgage may have been at that time was not adjudicated. His

mortgage was not disturbed. Judgment was rendered only against Mary E. Howard in the amount of her indebtedness to the bank. The land was ordered sold. Had the attaching creditor purchased the land it would not have been an innocent purchaser and could have reached only such interest in the land as the debtor had. (*Federal Trust Co. v. Ireland,* 132 Kan. 615, 296 Pac. 704.) Neither was the defendant Francis Livengood an innocent purchaser. He bought only what the sheriff could sell and no more. (*Brewer v. Warner,* 105 Kan. 168, 182 Pac. 411.) The purchaser at the sale bought with his eyes open and cannot set up a defect in the title of the execution debtor. To him the rule of *caveat emptor* applies. (*Metz v. Hicklin,* 126 Kan. 516, 518, 268 Pac. 823; annotation 68 A. L. R. 659.) He took only the interest of Mary E. Howard, the judgment debtor, and no more. (G. S. 1935, 60-3465; *Mills v. Ralston,* 10 Kan. 206; *Walker v. Braden, Sheriff,* 34 Kan. 660, 9 Pac. 613; *Markley v. Investment Co.,* 67 Kan. 535, 73 Pac. 96; *Clark v. Tandy,* 101 Kan. 328, 167 Pac. 1039; *Metz v. Hicklin,* supra; *Union Pac. Rld. Co. v. Huse,* 127 Kan. 601, 274 Pac. 240; *Bryant v. Fordyce,* 147 Kan. 586, 78 P. 2d 32.) He obtained no better title than the debtor had (*Clark v. Tandy,* supra), and her title was subject to the mortgage in favor of the plaintiff in the instant foreclosure action. The support actually provided exceeded the entire value of the land. The amount of support which had been furnished at the time the mortgage was first challenged exceeded the value of the interest of Mary E. Howard in the land at the time it was attached and of the two notes which the parents had assigned to their son. The father, N. E. Howard, was, of course, privileged to mortgage his interest in the land. It was not stipulated that Mary E. Howard, the mother and debtor of the bank, made the mortgage with intent to hinder, delay or defraud the bank even as to her interest in the land. Neither was the mortgage challenged as constituting a constructive fraud until after support in excess of the entire value of the land had been furnished. We think, under these circumstances, the trial court did not err in sustaining the mortgage to the extent it was then supported by an existing consideration. (27 C. J., 531, Fraudulent Conveyances, § 217 (d); 12 R. C. L. 546; Fraudulent Conveyances, § 70; *Kelsey v. Kelley and Wife,* 63 Vt. 41, 13 L. R. A. 640.) The case of *Bank v. Greene,* 102 Kan. 202, 207, 170 Pac. 391, while not controlling in the instant case, contains a treatment of the general subject of sustaining a mortgage or conveyance to the ex-

tent of an existing consideration where no actual intent to defraud is disclosed. So far as the record before us discloses, the mortgage was not challenged until the answer and cross petition were filed in the instant foreclosure suit on August 18, 1937. The demurrer of Frank L. Howard to the petition of the receiver was sustained. Whether that ruling was right or wrong is not material now. No appeal was perfected from that ruling and no further attack was made upon the mortgage in the receivership action. The receiver could have instituted proceedings to challenge the validity of the mortgage at least immediately after obtaining his judgment on April 23, 1935. (*Parmenter v. Lomax,* 68 Kan. 61, 74 Pac. 634.) That was not done and the defendant purchaser at the sale did not challenge it until August 18, 1937, which was at least two years after it might have been challenged by the receiver.

The defendant urges the two-year fraud statute (G. S. 1935, 60-306, *Third*) is not applicable to him, as he is merely defending his title. In that contention he is in error. At the sheriff's sale he purchased only the interest in the land held by the debtor. He is now seeking an additional interest in the land and to that extent he is seeking affirmative relief. He is not only defending the title he received at the sheriff's sale, but is seeking the equitable interest of the mortgagee. He seeks that interest on the theory of fraud, and his action, to the extent of the affirmative relief thus sought, is barred.

We have carefully examined all authorities cited by the defendant and are satisfied with the judgment of the trial court. It is affirmed.