No. 38,514

RAY WOODWORTH and MAUDE B. WOODWORTH, *Appellees*, v. CARL A. KENDALL and ELEANOR C. KENDALL, *Appellants*.

(239 P. 2d 924)

Opinion filed January 26, 1952.

*W. K. Thompson*, of Topeka, argued the cause and was on the briefs for the appellants.

*Howard A. Jones*, of Topeka, argued the cause, and *Charles L. Davis, Jr., Donald Patterson* and *William E. Haney*, all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: On March 19, 1946, the parties to this action executed an ordinary farm lease on an eighty-acre tract of real estate located in Shawnee county. The instrument was dated March 1, 1946, and, under its terms, the plaintiffs leased defendants the property for a term of twelve months ending on the last day of February, 1947, for a rental of $550. On the same day defendants executed and delivered plaintiffs a note, pursuant to the terms of the rental agreement, for the total amount of rent therein specified, whereby they

promised to pay the latter twelve monthly payments of $20 each, payable on the first day of each month beginning March 1, 1946, up to and including February 1, 1947, $100 on March 1, 1946, $110 on June 1, 1946, and $100 on November 1, 1946. Without further written agreement defendants continued in possession of the leased premises until January 18, 1949, when plaintiffs commenced an action against them for rent alleged to be due for their occupancy thereof at an annual rental of $550 per year.

The record discloses that defendants filed an answer and cross petition in the action about a month after it was instituted. It also reveals that two months thereafter they filed a first amended answer and cross petition. Later, on September 12, 1949, they filed their second amended answer and cross petition. In their last cross petition defendants, for the first time, alleged plaintiffs perpetrated fraud on them in an attempt to hold them over as tenants for the years 1947 and 1948, under the lease of March 1, 1946, when $110 of the $550 rental mentioned therein was not for rent at all but was to reimburse plaintiffs for plowing thirty acres of ground prior to the time they took possession of the farm ground and asked for reformation of the lease of March 1, 1946, excluding the sum of $110 therefrom for the farm years of 1947 and 1948. In addition they also asked for a money judgment against plaintiffs under and by virtue of these and other allegations of their cross petition.

At this point it should perhaps be stated that although all three of the answers and cross petitions, to which we have heretofore referred, contain allegations raising questions pertaining to the amount of rent due under the lease as executed and damages claimed to have been sustained by defendants as a result of plaintiffs' conduct during their occupancy of the leased premises, we have purposely refrained from detailing them for the reason, as will presently be disclosed, issues raised by such allegations are not here subject to appellate review.

Shortly after defendants filed their second amended answer and cross petition it was decided at a pretrial conference that the newly injected question of reformation of the lease as pleaded in the cross petition was an equity not a jury matter and should be disposed of by the court in advance of issue triable by a jury. Thereafter, such issue came on for hearing before the trial court which ultimately sustained a demurrer to the evidence adduced by defendants in its support. Thereupon defendants took an appeal from that

ruling to this court where they now impliedly concede, if in fact they do not actually do so, that the sole question involved on appellate review is whether the trial court erred in holding that under their evidence any right they might have had to reform the lease on grounds of fraud was barred by the statute of limitations.

Obviously realizing that under the allegations of their cross petition they are seeking affirmative relief and recognizing that under our decisions (*Collins v. Richardson,* 168 Kan. 203, 208, 212 P. 2d 302; *McCarthy v. Sink,* 152 Kan. 659, 107 P. 2d 790; *Howard v. Howard,* 149 Kan. 223, 86 P. 2d 510; *Muckenthaler v. Noller,* 104 Kan. 551, 180 Pac. 453) construing the provisions of G. S. 1949, 60-313, we have held that a cause of action barred by the two year statute of limitations (G. S. 1935, 60-306, third) cannot be used as a set off or counterclaim or for the purpose of obtaining affirmative relief, the sole and only claim advanced or argued by appellants as a ground for reversal of the trial court's action in sustaining the demurrer is that the evidence before such court at that time disclosed that the fraud relied on was not discovered by them until appellees filed their action on January 18, 1949, hence their right to reformation of the lease in question was not barred by the statute of limitations.

Our statute G. S. 1949, 60-306, provides that a cause of action based on fraud, where real property is not involved, cannot be maintained unless brought within two years after such cause of action shall have accrued. However, the third subdivision of this section of the statute contains a provision that "the cause of action in such case shall not be deemed to have accrued until the discovery of fraud." Just what the words "discovery of the fraud" as used in such subdivision mean is no longer an open question in this jurisdiction. Long ago in *City of Coffeyville v. Metcalf,* 134 Kan. 361, 5 P. 2d 807, we held:

"In the subdivision of the statute of limitation relating to actions for relief on the ground of fraud and providing that a cause of action shall not be deemed to have accrued until discovery of the fraud (R. S. 60-306, third), discovery of the fraud means discovery of such facts as would, on reasonably diligent investigation, lead to knowledge of the fraud." (Syl. ¶ 2.)

For a more recent decision, placing a like construction on the phrase under consideration in the case just cited, see *Gates v. Kansas Farmers' Union Royalty Co.,* 153 Kan. 459, 111 P. 2d 1098.

Before giving consideration to the evidence we pause to point out that even though appellants' cross petition contains the state-

ment, "That plaintiffs' perpetrated fraud on the defendants in the attempt to hold them over as tenants for the years 1947 and 1948 under the lease of March 1, 1946," it is clear from an examination of all its allegations the gist of the cause of action on which they base their right to relief is fraud in the inception of the lease under which they held over as tenants from year to year, not fraud in inducing them to hold over as tenants of that character after its initial term had expired. It necessarily follows that in the absence of anything to suspend its operation the two year statute of limitations (G. S. 1949, 60-306, third) started to run on appellants' cause of action for reformation of the lease from the date of its execution.

Turning to the record and limiting our review thereof strictly to evidence touching the bar of the statute we find:

Carl A. Kendall, one of the appellants, testified he signed the lease on March 19, 1946, that he knew it called for $550 each year, that he sent Ray Woodworth back to the house to have Mrs. Kendall sign it and that he never looked at it thereafter until after the suit was filed. However, while testifying as a witness he stated that he paid Woodworth $550 in compliance with the terms of the lease to March 1, 1947. He also admitted that he understood in March of 1947 that if he continued to keep the premises without a new lease that he would hold over under the old lease at the same rent.

While testifying as a witness Eleanor Kendall, wife of Carl A. Kendall, and one of the appellants, stated that when Ray Woodworth first brought the lease to the house she read it over and refused to sign it unless Carl did, that thereafter Woodworth brought the lease back with Carl's signature on it, that she then signed it and put their copy away in the top chest drawer. In response to a question she said "We never discussed it from that day on" and added "we had our discussion before."

Marjorie Kendall, a daughter of the appellants and a student at Washburn college, testified that she was present at the farm home when Mr. Woodworth came out with the lease on March 19, 1946; that he brought the lease into the house and Mrs. Kendall read it; that Mrs. Kendall refused to sign it, saying she didn't feel that it was what they had agreed; that after Mr. Woodworth brought the papers back, signed by her father, her mother signed them.

Based on the foregoing evidence we are constrained to hold the record as presented discloses that both of the appellants had actual knowledge of the alleged fraud relied on as grounds for reformation

of the lease as early as the last day of March, 1947. Of a certainty it establishes that they had knowledge of facts sufficient to cause reasonably prudent persons to investigate as of that date and that if they had investigated with reasonable diligence they would have ascertained the existence of the very facts on which they now attempt to base a cause of action. The result, since it cannot be denied the involved cause of action was commenced more than two years after March 31, 1947, is that any right appellants may have had to reform the lease in question is barred by the statute of limitations and the trial court did not err in sustaining the demurrer to the evidence adduced by them in support of that particular phase of the case.

The judgment is affirmed.