No. 38,849

RAY WOODWORTH and MAUDE B. WOODWORTH, *Appellees*, v. CARL A. KENDALL and ELEANOR C. KENDALL, *Appellants*.

(255 P. 2d 664)

Opinion filed April 11, 1953.

*W. K. Thompson*, of Topeka, was on the briefs for the appellants.

*Howard A. Jones*, of Topeka, *Charles L. Davis, Jr., Donald Patterson* and *William E. Haney*, all of Topeka, were on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for rent. Judgment was for plaintiffs. Defendants have appealed.

The action was here once before. Plaintiffs filed their petition. Defendants filed a second amended answer and a second amended cross petition in which they asked for a reformation of the lease and for a money judgment. It was decided at a pretrial conference that the question of the reformation of the lease was an equity matter and should be disposed of by the court in advance of the issues triable by a jury. On the trial of that matter the trial court sus-

tained a demurrer to the evidence of defendants. The defendants appealed and we affirmed the judgment. (See *Woodworth v. Kendall,* 172 Kan. 332, 239 P. 2d 924.)

When the action came on to be tried on the petition and second amended answer the trial court sustained a motion of the plaintiffs for judgment on the pleadings. The defendants have appealed from that judgment. Defendants ask us to use the abstract in the former appeal in this one. Now all that is left in the action is the petition and the second amended answer and plaintiffs' amended reply.

In the petition plaintiffs alleged the execution of a written lease on March 1, 1946, whereby plaintiffs leased to defendants the real estate in question at an annual rental of $550 a year; that on the same date defendants gave plaintiffs their note for $550; that defendants had since March 1, 1957, retained possession under the terms of the lease and were in possession when the action was filed; that there was a balance due upon the rent for 1946 of $130, a balance for 1947 of $155, and a balance for 1948 of $330, making a total due for rent of $615. The prayer was for a judgment for $615, with interest. A copy of the lease was attached to this petition. It is the ordinary form of a lease except that it contains a clause as a typewritten insertion as follows:

"Parties of the second part are to make all repairs on the inside of the house."

The answer of defendants was a general denial except that defendants admitted the making of the lease and the occupancy of the property and the holding over. The answer admitted the amount of the rent but alleged that $110 of the first year's rent was to be paid for plowing the plaintiffs had done previous to defendants taking possession. Defendants admitted signing the lease and promissory note mentioned in the petition and alleged they had been tenants of the house only under a lease dated May 15, 1945, and paid rent to Woodworth at the rate of $20 a month to March 15, 1946; about the middle of February, 1946, negotiations were begun which led to the making of the lease in question; that defendants' signatures to the lease were procured by Woodworth in the wooded pasture of the premises at a time when defendant Kendall was without his glasses and was unable to read it and did not know Woodworth had combined thereon the house and that of his farm, together with payment for the former expense of plaintiffs plowing into one lease for $550 a year rent and defendant was without knowledge there was a typewritten insertion in the lease as to the

repairs of the inside of the house; that plaintiff told defendant Woodworth the lease was according to their previous oral agreement. The answer further alleged that thereafter from March 1, 1946, to March 1, 1947, defendants paid to plaintiffs $240 rent to March 15, 1947, $110 for plowing and $200 for rent on the farm ground and denied defendants were indebted in any sum for 1947, and alleged defendants had paid the note in full. The answer further alleged that defendant Kendall was never able to find Woodworth and Woodworth advised Kendall that he would see him about a lease for 1947 and later for 1948, but failed to do so, and held defendants as tenants from year to year; that defendants paid plaintiffs $240 for rent for the years from March 15, 1947, to March 15, 1498, at the rate of $20 a month and $175 as farm ground rent for the farm year of March 1, 1947, to March 1, 1948, and if defendants were indebted to plaintiffs in any amount it was not greater than $25. The answer further denied defendants were indebted for any rent from March 15, 1948, to November 15, 1948, and alleged they had paid $160 at the rate of $20 a month until November 15, 1948, when they were forced to move from the house because of its bad state of repair. Defendants admitted they were indebted to plaintiffs for rent of the farm ground for the farm year March 1, 1948, to March 1, 1949.

The reply of plaintiffs was first a general denial, then an admission that defendants were tenants on a month to month basis from May 16, 1945, until March 1, 1946, and alleged that by virtue of the written lease and the holding over defendants were tenants of the farm land since March 1, 1946. The reply further alleged that defendants had in their possession a copy of the written lease since March 1, 1946; that they held over as tenants under that lease during the years commencing March 1, 1947, and March 1, 1948; that they had paid $420 on the rent for the farm year, leaving a balance due plaintiffs for 1947 of $130 and $160 for the farm year 1948, leaving a balance due of $390, or a total of $520 for the two years.

When the case was returned to the district court plaintiffs filed a motion for judgment on the pleadings. This motion was sustained—hence this appeal.

The trial court in calculating the payments made by defendants arrived at an amount of $485. This is less than the amount for which plaintiffs sued but they do not complain.

Defendants argue the sustaining of the motion for judgment deprived them of their right to jury trial on the balance of their cross petition, wherein they asked for damages for nonpayment of plaintiffs' agreements to fix the house.

A demurrer to the evidence by which defendants sought to prove that cross petition was sustained in the former judgment. (See *Woodworth v. Kendall,* supra.) That issue was no longer in the case.

The trial court pointed out that the defense pleaded in the answer would require the proof of oral contracts to vary the terms of the written lease. This could not be permitted. In *Threshing Machine Co. v. Francisco,* 106 Kan. 704, 189 Pac. 158, we said:

"The pleaded oral contract of warranty, if made at the time the engine was ordered and purchased, was not good for the reason that it tended to vary the terms of the written contract. If the oral contract was made after the written order had been signed and after the engine had been purchased, it was not good because there was no consideration therefor, either pleaded or proved."

See, also, *George v. Lane,* 80 Kan. 94, 102 Pac. 55.

In *Thompson Co. v. Foster,* 101 Kan. 14, 165 Pac. 841, we said:

"The modern view is that the rule which denies effect to an oral agreement, where it contradicts a written contract entered into at the same time or later, is one not merely of evidence, but of positive law (4 Wigmore on Evidence, § 2400; 3 Jones' Commentaries on Evidence, § 434, especially p. 154; 21 A. & E. Encycl. of L. 1079; 17 Cyc. 570), and, therefore, that the failure to object to the admission of evidence of such an oral agreement does not alter the legal rights of the parties."

A copy of the written lease was attached to the petition. There is no dispute about its terms. There is no dispute about the payments. There were no issues in the case which could be proved by competent evidence.

The judgment of the trial court is affirmed.