(655 P.2d 138)
No. 54,287

LARNED PRODUCTION CREDIT ASSOCIATION, *Plaintiff-Appellee*, v. E & E FEEDING, a general partnership, and MELVIN ERB and DON ERB, Individually, *Defendants*, and ERB, INC., *Intervenor-Appellant*.

Opinion filed December 16, 1982.

*Melvin D. Erb*, of Bison, pro se, appellant.

*Morgan Wright*, of Larned, for appellee.

Before REES, P.J., MEYER, J., and JAMES J. NOONE, District Judge Assigned.

*Per Curiam:* Plaintiff obtained a writ of special execution on a judgment lien obtained on defendant Don Erb's 1/12th interest in real estate in Ness County. On February 8, 1982, the public auction was held. The intervenor appellant, acting through its president, Melvin Erb, bid one 1890 minted silver dollar. The sheriff accepted a bid of $6,600 as the highest bid and the purchasers tendered a check drawn on a bank account. The sale was confirmed March 3, 1982, upon motion of the plaintiff and over the objection of the intervenor. Intervenor appeals.

Intervenor first contends that only gold and silver coins may be tendered in payment of debts, pursuant to Article I, Section 10 of the United States Constitution. Intervenor alleges that his bid of one silver dollar was the only tender of lawful money, and therefore the highest bid, and that the sale to the successful bidders should be aborted and a sale to intervenor confirmed for one silver dollar.

Article I, Section 10 of the United States Constitution prohibits the states from declaring anything other than gold or silver to be legal tender, but does not restrict the power of the United States Congress in that regard. As was recently held in *Allen v. Craig*, 1 Kan. App. 2d 301, 564 P.2d 552, *rev. denied* 225 Kan. 843 (1977), Congress has the constitutional power to coin money, regulate its

value and to declare paper money legal tender in payment of debts. U. S. Const., art. I, § 8. The sheriff was not required to accept the bid of one silver dollar as the only tender of lawful money.

Intervenor next argues that the trial court erred in confirming the execution sale for the reason that the published notice of sale stated it would be "to the highest bidder, for cash in hand" and the successful bidder did not tender cash in hand.

When a bid is made and accepted at an execution sale, it becomes a contract between the bidder and the sheriff. If the sheriff accepts something other than cash, treats the sale as consummated and surrenders possession of the property to the bidder, he thereby makes himself liable for the amount of the bid in the event of the bidder's default. *Walker v. Braden, Sheriff,* 34 Kan. 660, 9 Pac. 613 (1886). In *Metz v. Hicklin,* 126 Kan. 516, 268 Pac. 823 (1928), the court held that the officer at an execution sale is bound to sell for cash, and could accept a check or something other than cash *only with the consent or direction of the execution creditor.*

In this case, the execution creditor did consent and direct the acceptance of the bidder's check in lieu of cash by moving for the confirmation of the sale. There is no evidence that the check was not honored when presented for payment. The trial court did not err in confirming the execution sale.

Plaintiff has alleged intervenor's appeal to be frivolous and requests an award of attorney fees under Supreme Court Rule 7.07(b), 228 Kan. liii. While intervenor's first issue on appeal has been repeatedly rejected by various courts, we cannot hold that his second issue is utterly without merit. Nothing in the record indicates that pro se intervenor's motive was to harass or delay by taking this appeal, but on the contrary he appears to have acted in good faith based upon a firm conviction. Plaintiff's request for an award of attorney fees is denied.

Affirmed.